## MINOR HEIRS OF BRADFORD v. BODFISH.

39 681
L109 247

39 681
111 639

1. **Guardian and Ward:** CONTRACT: WARD. An agreement between a guardian, before his appointment, and the mother of his wards, his wife, that they should be treated as his own children and their estate used for their education, under which they resided in his family and rendered him services, is sustained by a sufficient consideration, and would preclude him from making charge for their support.

2. **Step-Father:** LIABILITY OF. A step-father stands *in loco parentis*, and is responsible for the maintenance and education of his step-children.

3. **Guardian and Ward:** SUPPORT OF WARD. When a ward is possessed of a small estate, and is able to earn something toward his support, and resides with his mother, who is able to support him, and his step-father, who is his guardian, the latter should not be allowed to charge the estate of the ward with his maintenance.

4. ———. GUARDIAN MUST PAY INTEREST FOR MONEY OF WARDS. A guardian is bound to invest the money of his ward, and is chargeable with interest thereon. It was *held*, in an action against a guardian, that he should pay upon the funds in his hands, at the rate of six per cent, compound interest.

*Appeal from Tama Circuit Court.*

TUESDAY, OCTOBER 20.

THIS is a proceeding upon the report of defendant as guardian of minor heirs. The correctness of the report was denied

by the guardian *ad litem.* The Circuit Court, upon a trial of the issues thus raised, found that the guardian had in his hands 'a balance of $591.56,·money of the wards, and rendered judgment accordingly. The guardian *ad litem* appeals. The facts are set out in the opinion.

. · *Boardman & Williams*, for appellant.

*Stivers & Safely*, for appellees.

BECK, J.—The Circuit Court found and reported the following facts and conclusions of law, upon which judgment was rendered:

### FACTS.

"1.   C. K. Bodfish was appointed guardian of W. E. Bradford and T. F. Bradford, aged ten and fourteen years, January 23, 1867, and files his final report January 22, 1872, his wife being the mother of said sons, and he being the guardian and step-father. The wards resided and boarded in the family of the guardian from July 13, 1866, to January 22, 1872. That their mother did the principal portion of the making, mending, and other work for said wards, and furnished most of the clothing.

· "That the said wards, on the .re-marriage of their mother, became entitled to a pension on account of the services and death of their father, T. F. Bradford, in the U. S. Army.

"2.   That there was an understanding with the guardian and the mother, before the appointment as guardian, that the children should be treated as his own, and the money be used for their education. That the guardian never applied for or obtained leave of the court to make expenditures on behalf of the wards.

"That previous to the marriage of the parties, the mother had herself supported and provided for herself and said wards by her own industry. That the guardian did not inform the mother; or the wards, or the court, that he was expending said money in support of the wards.

: "That the guardian was in good circumstances the greater

portion of the time, but has since become embarrassed; That the mother was a strong, active lady, of good health, and a music teacher by profession, and was willing to have supported the lads, if she had been called on so to do, but was not so called on.

" That the actual cost of boarding and lodging for said wards was worth $75.00 per annum each. That the guardian has received the following sums of money for said wards, on the account, and is chargeable therewith, to-wit:

| | |
|---|---:|
| " August 4, 1867 | $ 200.00 |
| Dec. 4, 1870, Pension Funds | 1053.50 |
| April, 1871, " " | 60.00 |
| June, " " " | 60.00 |
| Sept. " " " | 60.00 |
| Dec. " " " | 60.00 |
| Interest to January | 22.72 |

Total amount received with interest, $1516.22."

" That he should be credited with the following sums, expended as follows:

| | |
|---|---:|
| Stamps | $ 2.00 |
| Attorney's fees on pension | 10.00 |
| School books | 25.00 |
| Clothing | 50.00 |
| Doctor's services | 20.00 |
| Boarding of wards for five years, six months each, at $75.00 per year | 825.00 |

Total credits .................... $932.00

Leaving in his hands on January 22, 1872, the sum of .................. $584.22

" 5. That the wards are each the owners of the one-half of said sum, and that there is now due and payable from said guardian to each of said wards the sum of $285.75, with six per cent interest thereon from January 22, 1872, or receiving interest thereon to this Dec. 12, 1873, there is now due each, from said guardian, $318.00, and he is ordered to pay the

same into the hands of the clerk for said minors. The court finds the following conclusions of law: That the guardian should be allowed the items of expenditure as set forth above, and that all others should be disallowed, and that he is liable to pay over to the wards, and to each of them, the sum of $318.00, or $636.00 to both, and on so doing he is to be discharged and bondsman released."

I.   We are of the opinion that the facts found by the court do not justify the conclusion of law as to the liability of the

**1. GUARDIAN:** guardian.   The understanding between the mother
**contract:**
**ward.**          and the guardian as to the treatment of the children and disposition of their money, would preclude him from making the charges for support allowed by the court. His relation to the children, and the fact that they were members of his family, and whatever services they rendered were for him, is sufficient consideration for an agreement of that character.

Besides, being the step-father of the wards, he stood in

**2. STEP-** *loco parentis*, and was responsible for their educa-
**FATHER:**
**liability of.** tion and maintenance.   2 Kent, 185 (192).

II.   The children were without property, except the money that came into the guardian's hands.   They were of an age to

**3. WARD:** earn something toward their support, and in order
**support of.** to preserve their little property, that it might be available at a time when most useful to them, they ought to have been required to do so.   Besides, the mother was able to discharge the duty imposed upon her by law, to support her offspring.   This the guardian should have considered before he permitted the wards to pursue such a course of life as would consume any part of the money in his hands.   The findings of the court present no other conclusion than that the wards, receiving nothing more from the mother and her husband, their guardian, than the law demanded of them, would have been provided for in a manner becoming their station in life without encroaching upon the principal of their estate. The court, therefore, was not authorized to sanction any disposition of it for the support of the children.   *Foteaux v. Lepage,* 6 Iowa, 124.

The guardian ought to be credited with the items of $2 and $10, for stamps and attorney's fees, and nothing more.

It was his duty to invest the money, and he will be charged as though this had been done. He will be charged with six **4. GUARDIAN:** per cent annual interest, and the estimate will be **must pay interest for** on the basis of the payments of this interest each **money of wards.** year, or, in other words, compound interest at six per cent per annum. The sum ascertained in this manner for which he is liable is $1805.

We think the findings of the Circuit Court are sufficiently supported by the evidence, and meet fully all questions arising, or that can arise in the case. They fully settle the rights of · the parties in the case.

The judgment of the Circuit Court will be reversed, and the cause will be remanded for a judgment in accord with this opinion, or, at plaintiffs' option, such a judgment may be rendered here.

REVERSED.