## GERDES v. WEISER.

| 54 | 591 |
|---|---|
| 103 | 166 |
| 54 | 591 |
| L109 | 247 |
| 54 | 591 |
| 111 | 639 |
| 54 | 591 |
| 120 | 217 |

1. **Parent and Child:** MAINTENANCE OF CHILD. While in general a parent is bound to maintain and educate his children at his own expense, yet, where the circumstances of the parties are such as to render it necessary or proper, the courts may make an allowance to the parent from the child's property to defray in whole or in part the expense of his maintenance.

2. ——: ——: STEP-CHILDREN. Where a man receives into his family, as a member thereof, the child of his wife by a former marriage, he stands in *loco parentis* to such child, and is bound for its support the same as though it were his own.

3. ——: GUARDIANSHIP: PRACTICE. Where the defendant, as guardian of his wife's child, made a report in which he claimed compensation for the support of such child, it was held that before determining the rights of the parties the court should have had before it all the facts as to their respective circumstances.

## *Appeal from Winneshiek Circuit Court.*

### WEDNESDAY, OCTOBER 20.

THE defendant, as the legal guardian of the plaintiff, was, upon the plaintiff's petition, cited to make a settlement of his account as guardian, and it was asked that defendant might be removed, and compelled to pay over the amount in his hands due to the plaintiff.

The defendant filed a report, and afterwards an amendment thereto, from which the following facts appear. The plaintiff is the son of the wife of the defendant by a former marriage. When the plaintiff's mother and the defendant were married the record does not disclose, but it is stated in the report that the defendant took plaintiff into his family in the year 1861, when he was three months old, and boarded, clothed and educated him up to the year 1879; that by an agreement made with plaintiff's mother before plaintiff was received into defendant's family, defendant was to receive payment for keeping and educating the plaintiff, and that

defendant was not liable to maintain appellee, and did so intending to be reimbursed therefor.

The plaintiff inherited from his father an undivided interest in a lot in the city of Decorah, upon which there was a business house. From the rents of this building the defendant from time to time received as guardian of the plaintiff, after paying off a mortgage upon the property, paying for repairs, taxes, etc., about $900. In the report made by defendant he charges the plaintiff for clothing, schooling, boarding, and care, from the time he was three months old, the sum of $150 per year. There was a demurrer to the report, which was sustained, and defendant appeals.

*L. Bullis,* for appellant.

*Powers & Kenyon,* for appellee.

ROTHROCK, J.—Reports of administrators and guardians are not usually prepared with an expectation that issue is to

1. PARENT and child: maintenance of child.

be taken thereon, and they do not, therefore, set out facts with such clearness and precision as are required in ordinary actions. Counsel in this case have argued the abstract question whether a husband is bound to maintain the infant children of his wife by a former marriage. This, we think, depends largely upon circumstances. A man is not absolutely liable to maintain his own children, in the sense that he may not under certain circumstances have an allowance from his children's estate as an aid to their maintenance. The authorities are abundant to this effect. In Tyler on Infancy and Coverture, p. 289, it is said: "Generally speaking, the father is bound to maintain his infant child, and no allowance will be made to him for this purpose out of his property. But if the father is not able to maintain his children, the court will order maintenance for them out of their own property, and this does not turn upon the question of the father's solvency merely, but whenever he is

not in such circumstances as to be able to give the child an education suited to the fortune which he enjoys or expects."

An allowance will be made when the parent's estate is limited, while that of the children is abundant. Wait's Actions and Defenses, Vol. 5, p. 52, and authorities cited; and see Kent's Com., Vol. 2, p. 182.

This rule commends itself as eminently just, both to parent and child. Suppose the parent is in straitened circumstances, struggling to procure the necessaries of life for his family, and his children have estates of their own, the comfort and welfare of the children, and the dictates of humanity, require that aid should be given to the parent from the estate of the children to enable him to maintain them properly.

It is said, however, that the defendant was under no obligation to maintain the child of his wife by a former marriage. $\frac{2. --: \quad --:}{\text{step-children.}}$ We have no occasion to determine the question whether the defendant could have been compelled to take his wife's child into his family and maintain it as his own. But we believe it as well settled that he is liable when he takes such children into his family, and keeps them as part thereof. When this relation exists between the parties the child cannot recover for services rendered, and the step-father cannot ordinarily recover for the support and maintenance of the child. When a man stands in *loco parentis*, he is entitled to the rights and subject to the liabilities of an actual parent, although he may not have been legally compelled to assume that situation. *Williams v. Hutchinson*, 3 N. Y., 312; *Stone v. Carr*, 1 Esp., 1; *Cooper v. Martin*, 1 East., 82; and see *Bradford v. Bodfish*, 39 Iowa, 681.

It appears from the report made by the defendant in this case that when the plaintiff was three months old he took him into his family and boarded him, furnished him with his clothing and other necessaries as one of his own children. Under these circumstances the relation between the parties was that of parent and child, with like obligations. *Bradford v. Bodfish, supra.*

The report is entirely silent as to the situation and circumstances of the defendant. Nothing appears therefrom only 3. ——: guardianship : practice. that the plaintiff was the owner of the property from which the rents were collected. It does not appear whether the plaintiff's services after he arrived at an age to be of service were of any value to the defendant. In view of this state of the record there was nothing before the court enabling it to make an intelligent determination of the rights of the parties. We do not think a demurrer was the proper practice under the circumstances, this being a mere report, or account filed by the guardian. There should have been a motion for a more specific statement of the claim made by the defendant, and the case should have been determined upon its own facts, as was done in *Bradford v. Bodfish, supra.*

The defendant claims that there was a contract between himself and his wife that he should be recompensed for plaintiff's support. We do not think it was competent for the mother to make such a contract which would be binding on her infant son. Although the mother was the natural guardian, she could not thus dispose of her son's property. We think the ruling upon the demurrer should be reversed, and the cause remanded for further proceedings. We do not understand that the defendant proposes to subject the property of the plaintiff to any demand which he may have in excess of the income from the property; his counsel in argument disclaims such intention. The rights of the parties should be determined in view of all the circumstances surrounding them. In 2 Kent's Com., 182, it is said: "The courts now look with great liberality to the circumstances of each particular case, and to the respective estates of the father and children."

REVERSED.