GRACE BOOZEL, Appellee, v. HARRY E. BOOZEL, Appellant.

**DIVORCE:** Allowance for Children—Lack of Income and Remarriage of Plaintiff. A supplemental decree in divorce proceedings may burden the husband—the guilty party—with a reasonable and necessary charge for the support of his minor children, even though the husband is *then* without employment or income, and even though the mother has, in the meantime, remarried.

*Appeal from Polk District Court.*—GEORGE A. WILSON, Judge.

NOVEMBER 15, 1921.

REHEARING DENIED FEBRUARY 17, 1922.

APPEAL from supplemental decree modifying former judgment for alimony. Facts are set forth in the opinion.—*Modified and affirmed.*

*Brockett, Strauss & Blake,* for appellant.

*McHenry & Bowers,* for appellee.

ARTHUR, J.—In the original decree, alimony was awarded in a judgment of $12,500 in favor of appellee against appellant, and appellee was given the custody and control of two minor children, Jane, aged five years and nine months, and Gretchen, aged three years and six months. No defense was made when the original decree was entered. On motion of appellant, a rehearing was granted as to alimony, and that issue was submitted on a stipulation of facts and some additional oral testimony. Appellant also moved for a modification of the order as to custody of the children, so as to permit him to visit the children. From the stipulation of facts and oral evidence it appeared that appellant owned no property whatever, except some personal effects, at the time the original decree was entered, and at the time of the rehearing and entry of the supplemental decree; that appellant had served in the army of the United States about two years, and was discharged July 25, 1919; that he had not obtained employment since his discharge, except a few days' work, and that he had no income except from personal earnings when employed; that he was a young man about 28 years of age, in good health; that he had the equivalent of a high-school education, and about six months' study in a commercial college; that, during the year 1913, the year of his marriage with appellee, and up to the time of his enlistment in the army, July 14, 1917, he had earned, part of the time, $40 per month, and part of the time $65 per month, and at other times $100 per month.

In the original decree, entered September 3, 1919, appellee was given the privilege of remarrying within the following year, and a few days later, on September 6th, she was intermarried with one Glenn Mitchell. Appellee and her husband and her two minor children, and appellee's mother and her brother and.

sister, at the time of the retrial, were living together, and keeping house in the city of Des Moines. Glenn Mitchell was and had long been steadily employed by the Herring Motor Company of Des Moines, as a salesman, and was receiving, on an average, about $110 per month. In addition to the salary above mentioned, Mitchell and appellee, his wife, being musicians, played evening engagements in an orchestra, from which they realized about $100 a month, except during the summer months. For about four years appellee has been suffering from a nervous illness, and at the time of the retrial was in poor health, and worked as a musician out of financial necessity. She is a woman 24 years of age. Mitchell and appellee contribute toward the living expenses of appellee's mother and her sister, who is in poor health, and a brother, who is 12 years of age.

It further appears that appellant's mother is a widow of advanced years, and not in good health; that she was possessed of farm lands, money, and securities of the value of about $50,000, at the price of farm lands then prevailing; that originally there were seven children in his mother's family, and her deceased children left descendants; that, prior to the commencement of this action, appellant's mother had made a will, providing for testamentary disposition of her entire estate to her heirs, including appellant; that some special provision was made for one grandson, who was wounded and disabled for life, while serving as a soldier in the late war; that under the will appellant would receive, as a residuary legatee, several thousand dollars; that, after the original decree in this cause was entered, appellant's mother made a codicil to her will, by the terms of which all provisions made in her will for the benefit of defendant were changed so that his portion of the estate was devised and bequeathed to a trustee, and no benefit is to pass to appellant, except some support therefrom, while the money judgment against appellant in the original decree remains in force. The codicil also provided that, upon the death of appellant, while said judgment should remain in force and unsatisfied, the entire subject of the trust was to vest at once in the other devisees and legatees named in the will; but that, if the judgment should be sooner vacated or satisfied, then the original provision in the will would be carried out.

It appeared without dispute that it required about $50 a month to support and care for the two children.

There was no effort made to change the custody of the children. Appellant asked only to be permitted to visit the children at reasonable times, and an order was entered, allowing such visitation.

After hearing the testimony, the court set aside the judgment entered in favor of appellee and against appellant for alimony in the original decree of divorce. The court ordered that appellant pay $40 per month for the care and education of the two minor children, the first payment to begin December 1, 1919, from which order this appeal is prosecuted.

The position of counsel for appellant is that, their client having no property whatever, and his only income being as an employee, and since, at the time the original decree, and later the supplemental decree, were entered, appellant was without employment, the court had no power to enter an order requiring him to pay support money for the children; that the test of the measure of his liability for alimony for support of the children was the then ability of appellant to pay the same from means in excess of a reasonable reservation for his own living and wants. Counsel argue that the order awarding $40 per month to appellee for the support of the children violates such rule, and is inequitable and contrary to law. Counsel argue soundly that the same legal obligation to support minor children rests upon both parents (*Porter v. Powell,* 79 Iowa 151; *Cushman v. Hassler,* 82 Iowa 295, 297; *Johnson v. Barnes,* 69 Iowa 641; *Debrot v. Marion County,* 164 Iowa 208), and that Mitchell, the stepfather, assumed·and became bound to perform the same obligations as the natural father to support the children,— which position is well taken. *Gerdes v. Weiser,* 54 Iowa 591; *Minor Heirs of Bradford v. Bodfish,* 39 Iowa 681.

Appellant was under a moral and legal obligation to support his children, regardless of the marriage relation. The divorce did not terminate this obligation, and the appellant, after the divorce was granted, was still liable for the support and maintenance of the children. It necessarily follows, in the instant case, that the proper inquiry was the children's need and the ability of appellee, in her new married situation, and

appellant's ability to furnish reasonable means for the support
of the children.

Counsel insist that an order requiring appellant to con-
tribute to the support of the children must be based on the
present ability of appellant—his ability at the time of the trial—
to furnish means for such support; and that, since appellant,
at the time, had no means or income, and no employment, it
was error to require appellant to make any contribution what-
ever to the support of the children; that the order, as to that
branch of the case, should have been one of abatement, subject
to revival upon future application by appellee, based upon
claim of future-acquired ability of appellant to contribute to
the support of the children.

Appellant's position, that because, at the particular time
of the trial, he was without employment or any source of in-
come, the court had no power to burden him with contribution
to the support of his children, is not tenable. Appellant's un-
employment was properly treated by the court as but tempo-
rary. He had worked and earned a fair income before entering
the army. After being mustered out, and at the time of the
hearing in the fall, he had not found employment that suited
him. He testified that he desired employment, and would seek
it, and expected to secure it by the first of the following year.
Appellant was discouraged because of the $12,500 judgment
originally entered against him. The judgment was without
foundation or justification. We regard appellant as not op-
posed to work and believe that he would find employment. It
was not unusual for boys who had been withdrawn from civil
life for a couple of years not to be inclined to immediately go
to work on their discharge from the army, at any kind of job,
but they were rather inclined to bide their time, and seek agree-
able employment.

We conclude and hold that the court properly entered an
order requiring appellant to contribute to the support of his
children. Mitchell and appellee were earning around $200 a
month. There were several members of their family besides the
children. Appellee was in poor health. She testified that their
income was not sufficient to support their family, and that they
ran behind each month, and that it required about $50 a month

for the support of the children. However, we think that a contribution of $40 per month by appellant was too great an amount, taking into consideration, as we must, his earnings before he entered the army, which would be rather a gauge of his earnings afterwards, in normal times. We think a fair contribution to the support of the children to be made by appellant would be not more than $30 per month. Also, we think that payments should not have begun until later,—say May 1, 1920. Accordingly, the supplemental decree is modified to the extent of reducing the monthly payment to $30, and so that such payments shall begin May 1, 1920. Otherwise, the supplemental decree is affirmed.—*Modified and affirmed.*

EVANS, C. J., STEVENS and FAVILLE, JJ., concur.