### In re Dependency of Maxine Stamp.

**PARENT AND CHILD:** Neglected and Dependent Child—Decree for **Support.** A parent is not subject, under Sec. 254-a25, Code Supp., 1913, to an action by the other parent for contribution to the support of their minor child who is not neglected or dependent, even though the plaintiff parent has, by her own efforts, prevented the child from being dependent or neglected.

*Appeal from Shelby District Court.*—Earl Peters, Judge.

September 20, 1924.

Rehearing Denied December 11, 1924.

Proceeding under provisions of Section 254-a31 *et seq.,* Code Supplement, 1913. Facts appear in the opinion.—*Reversed.*

*Shelby Cullison,* for appellant.

*F. A. Turner,* for appellee.

Arthur, C. J.—I. Petitioner, Pearl Stamp, and Fred Stamp were married in Pottawattamie County, Iowa, in the year 1911. Soon after their marriage, Fred Stamp left his wife, and thereafter their daughter, Maxine Stamp, was born. At the time of the hearing, Maxine was a little past ten years of age. In 1916, Pearl Stamp, upon notice by publication, procured a divorce from Fred Stamp upon the ground of cruel and inhuman treatment. There was no provision for alimony in the decree. Since the birth of Maxine, her mother, Pearl Stamp, has taken care of her, clothed her, furnished her with a home, provided

her with food, and kept her in school. She has done this without any help from the father. At the time of the hearing, both Fred Stamp and Pearl Stamp were in good health. The child has been well taken care of, and seems to have had all of her needs supplied. Fred Stamp is the owner of an undivided one-eighth interest in a farm of 200 acres, worth $200 an acre. This property he inherited from his father.

This proceeding was instituted by Pearl Stamp, as petitioner, in the Shelby district court, her petition setting forth the above recited facts, and that petitioner is a resident of Shelby County, Iowa; that Fred Stamp, father of said minor, has abandoned and neglected said child, and fails to contribute to her maintenance. Petitioner asked a judgment requiring Fred Stamp to contribute to the support of said child.

Answering said petition or application, Fred Stamp admitted the paternity of Maxine Stamp, and denied other allegations of the petition.

On the hearing, substantially the above recited facts were submitted, and further that petitioner has no real property and has never owned any property, except that, at the time of the trial, she had $100 in the bank; that since her divorce from Fred Stamp she has earned a living for herself and child by her services as a housekeeper. Petitioner testified that, from the time of the trial on, the expense of supporting, clothing, and keeping Maxine in school would be about $400 a year.

The court entered judgment ordering and directing Fred Stamp to contribute certain sums of money per month toward the support, maintenance, and education of said Maxine Stamp until Maxine reaches the age of sixteen years, or until further orders.

II. On this appeal, the judgment of the court is challenged on the ground that the record fails to show that Maxine Stamp was a dependent or neglected child. This is an action in equity, triable *de novo* in this court. Determination of the vital question of whether or not Maxine Stamp is a dependent or neglected child involves the application of our statutes to the facts of this case. The action was instituted under the provisions of

Code Supplement, 1913, Chapter 5, Title III. Section 254-a31 reads:

"When any child is found to be dependent or neglected, as defined by Section 254-a14 of the 1907 Supplement of the Code, the parent, parents, person or other person or persons having the care, custody, or control of such child, or any other person or persons who shall by any act or omission of duty encourage, counsel, or contribute to the neglect of such child, or who, by reason of willful neglect of any duty owing by said parent or parents, person or persons to such child, is or are responsible for its neglect or dependency, shall be guilty of contributory dependency, and proceeded against as provided herein."

It will be observed that the jurisdiction of the court to grant relief mentioned in Chapter 5-B attaches only in case of "when any child is found to be dependent or neglected, as defined by Section 254-a14 of the 1907 Supplement of the Code." The portion of Section 254-a14 applicable to the instant case reads:

"For the purpose of this act, the words 'dependent children' or 'neglected children' shall mean any child who for any reason is destitute or homeless or abandoned; or dependent upon the public for support; or who has not the proper parental care or guardianship; or who habitually begs or receives alms; or who is found living in any house of ill fame, or with any vicious or disreputable person; or whose home, by reason of neglect, cruelty or depravity on the part of its parents or guardian or other person in whose care it may be, is an unfit place for such child."

It may be that Section 254-a25 of said chapter is applicable to the instant case. Said section authorizes decree for support of a child only "in any case in which the court shall find a child dependent, neglected or delinquent." Now, is Maxine Stamp a neglected or dependent child, within any of the definitions enumerated in said statute? Appellant has not provided a home for Maxine, nor has he contributed anything to her support. Manifestly, such conduct is reprehensible, under the situation of the parties as disclosed by this record. But we

may not consider in the proceeding before us the moral duty of Fred Stamp to support or contribute to the support of his minor child, nor may we discuss his legal obligation to do so, except as such legal obligation may be enforced under the provisions of the statutes of said chapter under which the action is brought. The question before us is whether or not Maxine Stamp is a neglected, dependent, or delinquent child, as defined by the statutes; for in no other event can an order be made in this proceeding compelling Fred Stamp to contribute to her support. The record discloses, without contradiction, that Maxine Stamp is neither destitute, homeless, nor abandoned. Her mother has furnished her a home, and cared for her well. She has been fed, housed, clothed, and kept in school. She has had a good home in a farm home. She has not been abandoned, within the meaning of the statute, but has at all times been in the custody and control of her mother, to whom such custody and control were given by decree of divorce. The maintenance and care of the child have involved much labor and sacrifice on the part of the mother. The incomparable affection of the mother for her child has not permitted Maxine to become either abandoned, dependent, or neglected.

Counsel for appellee cite in support of the decree of the lower court several of our cases: *Debrot v. Marion County,* 164 Iowa 208; *Kell v. Kell,* 179 Iowa 647; *Boozel v. Boozel,* 193 Iowa 78. The *Kell* case and *Boozel* case involved modifications of divorce decrees, and are not in point. The case before us is not one for modification of the divorce decree. Such question is not in issue here. *Debrot v. Marion County,* supra, is not in point. The only question involved in that case, and the only question decided, was that a divorced woman is not a widow, within the meaning of the Widow's Pension Act. Appellee also cites from the Ohio court *Pretzinger v. Pretzinger,* 45 Ohio St. 452 (15 N. E. 471). In that case the Ohio court held, in a situation of parties like the instant case (that is, where the wife obtained a divorce on account of the husband's misconduct, and was given the custody and care of their minor child, but with no provision for the child's support), that the mother may recover in an original action a reasonable compensation from the father for

support of the child after such decree. It is sufficient to say that our holdings are not in harmony with said case. *Johnson v. Barnes,* 69 Iowa 641; *Cushman v. Hassler,* 82 Iowa 295; *Stamp v. Stamp,* 196 Iowa 1133.

We are constrained to hold that the decree entered was wrong. Accordingly, the case is reversed.—*Reversed.*

EVANS, PRESTON, and FAVILLE, JJ., concur.