GRACE RULE, Appellant, v. W. H. RULE, Appellee.

**APPEAL AND ERROR:** Notice—Conclusiveness. Appellant's specification in his notice of appeal as to the particular part of the judgment appealed from is conclusive upon him.

**PARENT AND CHILD:** Support and Maintenance—Stepchildren. The legal obligation of a father to support his minor children extends to stepchildren.

**DIVORCE:** Alimony—Unallowable Allowance to Guilty Party. Alimony should not be allowed to a defendant against whom a decree of

divorce is entered, when he has never made any contribution to plaintiff's property.

**Headnote 1:** 3 C. J. p. 1227.  **Headnote 2:** 29 Cyc. p. 1668.  **Headnote 3:** 19 C. J. p. 204.

**Headnote 2:** 20 R. C. L. 594.  **Headnote 3:** 1 R. C. L. 897.

*Appeal from Pottawattamie District Court.*—W. C. RATCLIFF, Judge.

DECEMBER 13, 1927.

Suit by wife against husband for divorce. Plaintiff was granted a divorce, and defendant was allowed alimony. Plaintiff appeals from the allowance of alimony.—*Reversed.*

*Kimball, Peterson, Smith & Peterson,* for appellant.

*J. A. Williams,* for appellee.

MORLING, J.—By the decree, defendant, who has not appealed, must be conclusively considered as the guilty party. Plaintiff and defendant signed two notes, aggregating $6,500,

1. APPEAL AND ERROR: notice: conclusiveness.

to plaintiff's mother, for money borrowed to pay mortgage on plaintiff's property, and for living expenses. By the decree the plaintiff, as between her and defendant, was adjudged to pay these notes. The decree also ordered plaintiff to pay defendant $1,250 "in full of claims of compensation as alimony." Plaintiff's notice of appeal is from the judgment "in so far as said decree, order of court, and judgment grants unto the defendant alimony, and for no other purpose." Plaintiff argues that she should have been allowed attorney fees, and that defendant should not, as between the parties, have been released from the notes. As we understand the judgment and appeal, however, the appeal is only from the allowance of $1,250 as alimony. It seems to have been practically treated as such in appellant's opening argument. We have before us, therefore, the one question of the propriety of the allowance of the $1,250 to defendant.

The parties were married August 19, 1920. Both had been previously married. Plaintiff had three children by her former marriage, at time of trial aged 8, 11, and 13. Defendant had a

son by one of his former marriages, who seems to have been at time of trial, about 16 years old. The four children were taken into the new family. One child was born to the marriage.

Defendant was a railroad brakeman. He had no property at the time of his marriage with plaintiff, except $100 and an equity in 120 acres in Wisconsin, which he had lost, or was about to lose. He says there was an agreement that the parties should let the land go, and protect her property, and that his property could have been redeemed by paying $1,340.90. Plaintiff denies that there was such an agreement. Since his marriage, defendant has worked perhaps half of his time, partly on the railroad and partly in other occupations. In December, 1920, he sustained an injury which laid him off for a year and a half. During a year of that time, he was in Minneapolis, looking after an action to recover damages. As the proceeds of that action, he received $3,109.44. He was in the hospital part of the time; had the expenses of his sickness and living expenses at Minneapolis to pay. He says that plaintiff disbursed $900 of this amount. He does not know how much she paid out for living expenses. In a statement made to the lower court, which he says shows the money paid by him to plaintiff and used by her as she saw fit, is included the total $3,109.44 received by him on the settlement. This statement totals $8,935.17. As we understand it, it includes the total amount of his receipts, including the first $100, during the married life of the parties. Defendant testifies that he paid these sums to the plaintiff; that she deposited them to their joint account; that she used the joint account in paying for and on the properties, which will later be referred to, including expenses of the Carroll County land, and also paid therefrom the family living expenses. He admits, however, keeping out for himself $30 per month from at least some of his pay checks. He includes as family expenses his own living expenses and those of his son.

Perhaps we may say at this point, as well as at any other, that the defendant was the head of the new family. The stepchildren were voluntarily taken into it. He stood *in loco parentis* to them. His obligation to them, including the duty of support, was, in legal effect, the same as that to his own children. *Gerdes v. Weiser*, 54 Iowa 591. See *Boozel v. Boozel*, 193 Iowa 78.

2. PARENT AND CHILD: support and maintenance: stepchildren.

Defendant's claim to alimony is based upon the contributions which we have referred to. Plaintiff had inherited a farm of 120 acres, which she sold, and with the proceeds bought a

**3. DIVORCE: alimony: unallowable allowance to guilty party.** house at Lakeview, Iowa. She purchased mortgages amounting to $17,595 on a Carroll County farm of 185 acres. She was obliged to foreclose, and take in the farm, subject to a first mortgage of $11,500. The only testimony of its value is the defendant's, that he considers it well worth $160 per acre, and that it is listed at that; and plaintiff's, who says she is asking $140 per acre for it. A forty-acre tract of pasture land is rented for $200, and the rest for one half the crops, the income from which is not shown; but it is a fair inference from defendant's testimony that the farm has been an expense, rather than a source of income.

Plaintiff's Lakeview property was sold for $4,500,—$500 cash, and $30 a month on contract, which seems to have been paid for a time and then the contract was sold to plaintiff's mother for $3,600. Plaintiff testifies that the proceeds of the Lakeview property were put into a home property in Council Bluffs, which she purchased for $6,500. Defendant put into this property the $100 previously referred to, which he had at the time of the marriage. The Council Bluffs property was subject to a mortgage of $2,000, which was increased to $3,000, as plaintiff claims, to pay living expenses. The $3,000 mortgage was foreclosed, and the property has been redeemed by plaintiff from money received from her mother. The parties gave two notes to plaintiff's mother, amounting to $6,500. The difference between the amount required to take up the foreclosed mortgage and the amount received from the mother was used, as plaintiff says, to pay bills. The $900 received from defendant's settlement for his injuries, plaintiff says, likewise was used to pay bills, including defendant's doctor bills and the bills incident to the birth of the child. The parties borrowed $200, which plaintiff paid. They had an automobile, for which plaintiff paid over $500, and which defendant has taken and sold for $125. The furniture the parties had at the time of the marriage was owned or purchased by plaintiff. Plaintiff in her testimony denies that the money received for the defendant's injuries went into the home or bank account. She says that she does not "know what he spent his money for. He never gave

me any fixed amount per month,—never gave me his whole check. He would cash it, and give me a certain amount. * * * I do not know whether he received the amount of money shown in this little statement. * * * That amount of money was not received and used in the family. I do not think he ever received more than $200 a month.''

Defendant says that, from June 13, 1923, to the last of December, 1923, he worked for the railroad company; that then there was a dull period, and he lost a good deal of time until July following; that during the meantime he had a job in a pool hall for $20 or $25 a week. He charges the total of these wages, as we understand, $1,440, in the statement referred to, as well as $118.19 earned during the year 1925. After January, 1925, he was working on a farm at $50 a month, which he says was spent on insurance, clothes, etc., for his son and himself, the insurance costing him $1.20 a day. He expended $150 for his son. He used for himself $125 received from the sale of the automobile. He says that, at the time of the trial, he was making $120 to $125 per month.

Plaintiff also received $2,000 from her father's estate, and defendant claims that she is entitled to a considerable inheritance in addition. The record does not show how much. Anyhow, it is property which plaintiff in no part derives through defendant. The evidence does not show that defendant's expenditures have amounted to any more than the family expenses. The inference is that they were less. On this record, it cannot be said that he has contributed anything to the properties owned by the plaintiff. As has been stated, the defendant is the guilty party. The decree awarded to the plaintiff the care and support of the child. She has four children to support, and the defendant one.

We discover no equity in the allowance to defendant of $1,250. The decree allowing it is to that extent—*Reversed.*

EVANS, C. J., and DE GRAFF, ALBERT, and WAGNER, JJ., concur.