## KIMMEL v. DORSHIMER.

*Divorce—Custody of child awarded husband—Wife cannot recover from husband for support of child, when.*

A wife who has been divorced for her own misconduct and who voluntarily assumes the custody and support of her minor child cannot recover of her former husband for such expenditures in the absence of an express contract, in a case where the court had awarded the custody of the child to the father and made no order regarding maintenance.

(Decided October 25, 1924.)

ERROR: Court of Appeals for Williams county.

*Mr. D. A. Webster* and *Mr. E. C. Peck,* for plaintiff in error.

*Mr. A. L. Gebhard* and *Messrs. Shinn & Shinn,* for defendant in error.

RICHARDS, J. The plaintiff, Ruby E. Kimmel, is the divorced wife of the defendant Clyde Dorshimer, the divorce having been granted in November, 1912. Since that date each of the parties has remarried. The divorce was granted to the husband by reason of the aggression of the wife, and by the judgment of the court the custody of the two minor children was given to the husband, with no order respecting maintenance, and the wife was enjoined from interfering with that custody. One of the children is Rowena Dorshimer, who at the time of the divorce was aged about five years, and

Divorce, 19 C. J. § 814.

who, notwithstanding the order of the court giving the custody to her father, continued to reside with her mother, who, in connection with the stepfather, provided her with support and maintenance, and this action was brought to recover the sum of $4,210 therefor. At the close of the evidence offered on behalf of the plaintiff the trial judge directed a verdict for the defendant, and this proceeding is brought to secure a reversal of that judgment.

Counsel for plaintiff rely very largely on the case of *Pretzinger* v. *Pretzinger*, 45 Ohio St., 452, while counsel for defendant rely on *Fulton* v. *Fulton*, 52 Ohio St., 229. The latter case reviews and distinguishes the holding of the Supreme Court in the former case, and points out the difference between the two cases. That difference consists almost wholly in the fact that in the *Pretzinger* case the divorce resulted from the misconduct of the husband, while in the *Fulton* case, as in the case at bar, the divorce resulted from the aggression of the wife. The conclusion reached by the Supreme Court in the *Pretzinger* case is based upon the principle that the husband and father cannot, by his own misconduct, shift onto another his primary liability to support his minor child. This rule of law, while well-recognized, had no place in the *Fulton* case, and has none in this case, for the manifest reason that in these latter cases the father in each case has been guilty of no misconduct.

Since the decision of the Supreme Court in *Fulton* v. *Fulton*, *supra*, it is settled in Ohio that where a divorce is granted on account of the aggression of the wife, and the minor children are awarded to

the custody of the divorced wife, with no order respecting maintenance, and while so in her custody she furnishes them necessaries, she cannot recover against her former husband therefor in the absence of a promise by him to pay for such necessaries or a request that she should so furnish them. We do not regard the fact that in the case at bar the child was not assigned to the custody of the wife as important, for the evidence discloses that she voluntarily assumed that custody and maintenance. Ordinarily, where the court awards the custody of minor children to a parent in a divorce case, such award is made with the voluntary assent and approval of the parent so receiving the custody. It is very difficult to discover any difference in principle between the *Fulton case* and the case at bar. Similar views to those announced by the Supreme Court have been expressed in *Glynn* v. *Glynn*, 94 Me., 465; *Cushman* v. *Hassler*, 82 Iowa, 295, and *Ramsey* v. *Ramsey*, 121 Ind., 215.

It is urged, however, that the bill of exceptions contains evidence showing that the father abandoned the child and declined and refused to provide maintenance, and that therefore the necessity was cast upon the mother to furnish the support. No evidence was offered along that line except a very little which came from the child, Rowena Dorshimer, who, at the time she testified, was seventeen years of age. The record discloses that the child had been living with the mother with the knowledge and consent of the father, and had occasionally visited the father, who lived in the country some five miles from Montpelier, where the mother and child resided. On such occasions

the father would take the child to visit at his home in the country. About two years after the divorce she went for a short visit to the home of the father and when the time approached for her to return the step-mother inquired of the child if she did not want to stay, and asked the father if he cared if she stayed. The father answered that he had enough to keep right then, and that evening he took her in a conveyance back to Montpelier. This is all that occurred, and in the light of the fact that the little girl, with the consent of her father, had been living with her mother ever since the divorce, and that she was then on a merely temporary visit at the home of the father, the occurrence does not in any sense amount to an abandonment of the child. Manifestly, when we consider the circumstances under which she had come there for the visit, it was the duty of the father to return the child to the mother, as he had done on former occasions, before attempting to make her a member of his own family. If it be true that the father used the language attributed to him, it was certainly to his discredit and showed a manifest forgetfulness of parental duty. There is, however, nothing in this testimony that prevents the case being controlled by the principle announced by the Supreme Court in the case of *Fulton* v. *Fulton*, cited *supra*.

All of the parties resided in Williams county, and it would have been entirely proper for the mother, if she wished the custody of the child, and was expecting to demand compensation for maintenance, to have applied to the court which granted the divorce for a modification of the order. This was not done. We cannot resist the conclusion

from the whole evidence that the board and clothing were supplied to the child during all the years from 1912 to 1924, when the action was brought, without any thought or expectation of recovering therefor from the father, and it is a fundamental principle of law that where, under such circumstances, services have been rendered and support furnished without any expectation of payment the law will not permit of a recovery, for the reason that services rendered and support furnished under such circumstances amount to a gratuity.

We find no prejudicial error in the record.

*Judgment affirmed.*

CHITTENDEN and KINKADE, JJ., concur.