JOHNSON v. BARNES.

1. **Husband and Wife:** ABANDONMENT BY HUSBAND: SUPPORT OF CHILD BY WIFE: RECOVERY FROM HUSBAND. Where a husband without cause abandons his wife and child, and the wife alone supports the child, she cannot recover therefor in an action against the husband, since, under the statutes of this state, (Code, § 2214,) the support of children is charged upon their parents jointly and severally.

| 69 | 641 |
| 79 | 153 |
| 79 | 160 |

| 69 | 641 |
| 82 | 298 |

| 69 | 641 |
| 105 | 272 |

| 69 | 641 |
| 124 | 498 |

| 69 | 641 |
| f133 | 174 |

*Appeal from Boone Circuit Court.*

FRIDAY, OCTOBER 22.

ACTION AT LAW. A demurrer to the petition was sustained, and the plaintiff appeals.

*Cole, McVey & Clark*, for appellant.

*E. E. Webb*, for appellee.

SEEVERS, J.—The petition states that in 1867 the plaintiff and defendant were living together as husband and wife, and that they had one child born in 1865; that in 1867 the defendant, without cause, abandoned the plaintiff and their said child, left them without any means of support, and concealed his place of residence from the plaintiff, who thereafter, until 1883, supported, clothed and educated said child, which was reasonably worth $200 per year, and that during said period the plaintiff supported herself by her own labor, and that the defendant was abundantly able to support or contribute to the support of his child; that prior to the commencement of this action the plaintiff procured a divorce from her said husband, and, by reason of the defendant's failure to support said child, the plaintiff asks judgment for $3,000. The defendant demurred to the petition on the ground, among others, that a right to recover did not exist. It will be observed that it does not distinctly appear that marital relations existed between the parties at the time the plaintiff clothed and supported the child, but we think this, under the averments of the petition, must be assumed. As there was no promise, the question to be determined is whether one can be inferred in favor of a wife who supports her child, as against her husband who has without cause abandoned her and his child. The obligation of parents to support their children at common law is somewhat uncertain, ill defined and doubtful. Indeed, it has been said that there

is no such obligation.   *Mortimore v. Wright*, 6 Mees. & W., 488.   But we are not prepared to say that this rule has been adopted in·this country, and it should be conceded, we think, that, independent of any statute, parents are bound to con-tribute to the support of their minor children, and that such obligation rests mainly on the father, in the absence of a statute, if of sufficient ability; and that, in favor of a third person who supports the child, a promise to pay may and should be inferred on the ground of the legal duty imposed.

Counsel for the appellant have cited several authorities in which, as we understand, this doctrine is announced. 2 Kent. Comm., 192, 193; Schouler, Dom. Rel., §§ 236, 237; *Rey-nolds v. Sweetser*, 15 Gray, 78; *Cowls v. Cowls*, 3 Gilman, 435; *Bazeley v. Forder*, L. R. 3 Q. B., 559; *Tomkins v. Tomkins*, 11 N. J. Eq., (3 Stock.,) 512.   But in none of these cases was such a promise inferred in favor of a wife, except that in one or more of them a father was compelled to contribute to the support of his child in an action brought by the mother in equity in aid of, or growing out of, an action for a divorce.   *Stanton v. Wilson*, 3 Day, 37, possi-bly goes one step further.   In that case there had been a divorce by the general assembly, and the wife was constitu-ted sole guardian of two of the children, and the husband ordered to pay her a certain sum of money in lieu of dower, which was paid.   Afterwards an action was brought by the divorced wife against her husband to recover for the support of the children, furnished by her, and it was held she could do so.

There is a clear distinction between this and that case. In the latter the recovery was for the support of the children after the marital relation ceased, on the ground that, not-withstanding the divorce, the obligation on the father to support his children continued to exist.   It is proper to say, also, that we understand the liability of the father, under substantially the same state of facts, was denied in *Hancock v. Merrick*, 10 Cush., 41.

As we understand, the rule that the father is primarily liable for the support of his infant children is based on the ground that the personal property of' the wife and mother, in the absence of a statute, upon the marriage became absolutely his. The reason upon which this rule is based has ceased to exist in this state, and a married woman may acquire and hold property, both real and personal, in the same manner as her husband can, and the same may be held by her exempt from the debts of her husband. Code, §§ 2202, 2203, 2206, 2211. This being so, it may be doubtful whether this rule should have force and effect in this state. Especially is this so when the following statute is taken into consideration. "The expenses of the family, and the education of the children, are chargeable upon the property of both husband and wife, or of either of them, and in relation thereto they may be sued jointly or separately." Code, § 2214. It is perfectly clear that any third person, under this statute, who should furnish necessaries for the support of the family and children, and who was entitled to recover, could maintain an action in the first instance against the wife alone, and it would make no difference whether they were living together or separate. Nor does it seem to be material, if the parties were living separate, with which parent the children were living, for both, jointly or separately, are made liable at least for the education of the children. This statute has application, we think, to both third persons and to the husband and wife; for, there being no exception, its application must be general, and to all persons under the statute the legal duty is cast equally on both parents to support their children. When such duty is performed by one, we do not think a promise can be inferred or implied that the other shall reimburse the one who furnished the support. If it can be, to what extent shall the contribution be made, on equitable principles, according to the property of each, and the varying circumstances of each particular case? We do not think such inquiries can or should be entered into, but that, under the statute,

both parents are bound to contribute to the support of the children, and that, when one does so, a promise to pay in favor of one, and against the other, cannot be implied. To some extent, at least, the foregoing views are supported by *Courtright v. Courtright*, 53 Iowa, 57, and *Patterson v. Hill*, 61 Id., 535.

AFFIRMED.