## MAGGIE HASSLER CUSHMAN, Appellant, v. CHARLES HASSLER, Appellee.

**Parent and Child:** DIVORCE: LIABILITY OF PARENT FOR NECESSARIES.
The parents of a minor child, being divorced, entered in an agree-
ment whereby the father was given the custody of the child. Sub-
sequently the child, without cause and without consent, left his
father, and went to live with his mother. Thereupon the mother
notified the father that the child was with her, and that he would
be charged for his board from a date named, to which the father
responded, refusing to be responsible therefor. *Held*, that the
refusal of the father to pay rebutted any presumption of a promise
to pay for necessaries, and that the mother was not entitled to
recover for board and clothing furnished.

*Appeal from Buchanan District Court.*—HON. C. F.
COUCH, Judge.

MONDAY, FEBRUARY 9, 1891.

ACTION to recover one hundred and twenty-three
dollars for boarding, schooling and clothing furnished
to the minor son of the plaintiff and defendant. The
answer averred that the expense was incurred by the
plaintiff voluntarily, and without request or agreement
on the part of the defendant to pay therefor. The case
was submitted to the court, and a judgment was ren-
dered in favor of the defendant, from which the plaintiff
appeals. The errors assigned involve a consideration of
the merits of the case.—*Affirmed.*

*W. S. Bicksler* and *Woodward & Cook*, for appellant.

*Hasner & McKee*, for appellee.

Given, J.—I. The plaintiff and defendant were divorced July 7, 1886, and by the decree the plaintiff was given "the care and custody of the child, John Hassler." November 23, 1886, these parties entered into a written agreement, wherein it is recited that the plaintiff, "now being fully satisfied that said Charles Hassler is in every way a proper and suitable person to have the care and custody of said John Hassler, and in every way able to better and more suitably support and care for him and his wants than I am, or will be, I now relinquish from now henceforth all right to the care, custody and control of said John Hassler to said Charles Hassler, and waive and forever surrender to said Charles Hassler my right to the care, custody and control of said John Hassler, and consent that said Charles Hassler may and do now henceforth take and have the sole charge, care, control and custody of said John Hassler, subject only that I may visit him when sick at any place." Pursuant to this agreement the defendant took the boy to his home, and cared and provided for him until about August 15, 1888, when he left without the knowledge or consent of the defendant, and returned to the plaintiff. Soon after the plaintiff addressed a letter to defendant, which he received, notifying him that the boy was with her, "that his board would commence the first of September, and that I was not able to keep him." The defendant answered by letter properly addressed, stamped and placed in the mail, in which he told her "that he had run away from the house without any cause. He had always been used well, and he had run away, and he would not pay his board, for the simple reason he was keeping house, and he had no reason to leave home." The plaintiff does not deny the receipt of this letter, and we may presume, from the fact of its

being properly addressed to her, stamped and placed in the mail, that it was received by her.

There is some conflict in the evidence as to the manner in which the boy was treated and cared for by his father, but the decided preponderance is in favor of the conclusion that the boy was well treated, and had no sufficient reason for leaving home. There is no question made but that the plaintiff furnished the boarding, schooling and clothing to the amount and of the value charged. The question is whether, under the facts, the defendant is liable therefor.

In *Porter v. Powell*, 79 Iowa, 151, we held that "it is the legal, as well as moral, duty of parents to furnish necessary support to their children during minority; that a parent cannot be charged for necessaries furnished by a stranger for his minor child, except upon an express or implied promise to pay for the same; and that such promise may be inferred on the grounds of the legal duty imposed." While it may be true, as contended, that by the decree of divorce these parties became as strangers to each other, the decree did not change their obligations to their child, except as to the custody. So long as the duty to support rested upon both, neither could maintain a claim against the other therefor; but when, by decree or contract, it was made the special duty of one, the other may recover for support furnished under an express or implied promise of the other to pay therefor. By their written agreement, the plaintiff was, as between them, released from the duty to furnish support, and that was made the exclusive duty of the defendant. While as to the boy and the public the plaintiff still owed the duty, as to the defendant she did not; as between them she stood as a stranger in respect of that duty.

There is no pretense of any express promise on the part of the defendant to pay for the support, and the sole question is whether, under the law and facts, a promise should be implied. We have seen that by the contract as between these parties it became the legal

duty of the defendant exclusively to support the boy, and that a promise to pay a stranger for necessaries furnished may be inferred on the ground of that duty. The letter of the defendant to the plaintiff clearly rebuts any presumption of a promise to pay that might otherwise arise. By that letter the plaintiff is distinctly informed that the defendant would not pay for the board.

In view of the written agreement whereby the plaintiff, as between her and the defendant, became a stranger to the duty of support, the case is not unlike one where without cause a child has gone into the family of a stranger and received support. Whether, in such case, a promise might be implied to pay for necessaries furnished to meet the immediate wants of the child, we need not determine, but clearly no promise would be implied for continued support, and especially after notice that such support would not be paid for.

We are of the opinion that the defendant can only be held liable upon an express or implied promise to pay for the support, and that the facts of the case show beyond question that there was no such promise. As relating somewhat to these questions, we refer to *Everett v. Sherfey*, 1 Iowa, 357; *Hunt v. Hunt*, 4 G. Greene, 216; *Dawson v. Dawson*, 12 Iowa, 512; *Johnson v. Barnes*, 69 Iowa, 641.

The judgment of the district court is AFFIRMED.