ALICE GEARY, APPELLEE, v. WILLIAM J. GEARY, APPELLANT.

FILED MAY 17, 1918.   No. 20028.

1. **Divorce:** SUPPORT OF CHILDREN.  "The fact that the marriage relation is dissolved does not relieve the father of the duty to support his minor children, and will not defeat an action therefor." *Eldred v. Eldred,* 62 Neb. 613.

2. **Infants:** WARDS OF STATE.  Resident minor children are wards of the state in whom the government is interested.

3. ———: JURISDICTION.  General jurisdiction to protect minors domiciled in Nebraska and to enforce paternal obligations to offspring has been committed by law to the district courts.

4  **Judgment:** FOREIGN JUDGMENT: FAITH AND CREDIT.  Nebraska courts are required to give to an Iowa judgment the effect only to which it is entitled in Iowa.

5. ———: ———: ———.  Mere procedure resulting in a judgment or in the modification thereof is not protected by the full faith and credit clause of the federal Constitution.

6. **Divorce:** FOREIGN DECREE: RES JUDICATA.  An Iowa decree, if confined to divorcing husband and wife and to awarding the custody of their minor children, is not effective in Nebraska for the purpose of enforcing the continuing duty of the father to support such children after they and their parents have become residents of Nebraska.

APPEAL from the district court for Wayne county: ANSON A. WELCH, JUDGE.  *Affirmed.*

*T. M. Zink* and *A. R. Davis,* for appellant.

*R. E. Evans, T. P. Cleary* and *J. P. Shoup,* contra.

ROSE, J.

As presented on appeal, this is an independent suit in equity brought in the district court for Wayne county, Nebraska, to enforce the duty of defendant to support two of his minor children while in the custody of plaintiff, their mother.  To defeat the action defendant pleaded a divorce procured by him in the district court for Plymouth county, Iowa, August 12, 1907, and

an executed contract for the payment of alimony. Plaintiff and defendant have eleven children. In the Iowa divorce court three minors were committed to the father and four minors to the mother. The decree of divorce and the contract for alimony are silent on the subject of support for the children. The district court for Wayne county, Nebraska, found that two of the minors committed to plaintiff are self-supporting, but made allowances for the other minors committed to her, their names being Frank Geary and Stella Geary. For the period between the bringing of the present action July 15, 1914, and the entry of the decree October 9, 1916, plaintiff was allowed $1,800. Beginning October 18, 1916, defendant was ordered to pay $30 a month for the support, maintenance and education of Frank Geary, while attending school during his minority, and $30 a month for the support, maintenance and education of Stella Geary during her minority. It is from this decree that defendant has appealed.

In ordering defendant to support the two minor children named, did the district court for Wayne county, Nebraska, give "full faith and credit" to the Iowa judgment, within the meaning of that term as used in the Constitution of the United States? This is the question presented by the appeal. On issues raised by the pleadings, the following facts are established by the evidence:

Plaintiff and defendant were married in Iowa June 29, 1881. In a suit in which the district court for Plymouth county, Iowa, had jurisdiction of the subject-matter and of the parties, while both were domiciled in that county and state, the marriage tie was dissolved August 12, 1907. The decree of divorce did not mention alimony for the wife or support for the children, but the custody of four minors, including Frank Geary and Stella Geary, was committed to their mother. The parents had entered into a contract obligating the husband to pay the wife $7,250 in full of all alimony. This sum he subsequently paid, but out of it the wife

had obligated herself to pay the claims of a number of creditors. He had been a resident of Nebraska five years when sued here. Plaintiff, with the minor children in her custody, had been a resident of Nebraska nearly two years when the decree in her favor for the support of Frank Geary and Stella Geary was rendered. During her entire residence in Nebraska she has been without sufficient means to support, maintain and educate the minor children named, and they are not self-supporting. Their father is abundantly able to support them, but refuses to perform his paternal duty in that respect. The allowances made by the district court for Wayne county, Nebraska, are both reasonable and necessary. These facts and those narrated in the preliminary statement herein are fully established by the evidence.

The contract for the payment of alimony does not on its face include support for the minor children. In the divorce suit there was no plea for their support or for alimony. The decree of divorce did not touch those subjects.

Under the laws of Nebraska it is the continuing duty of a father to support his minor children, and his obligation to do so cannot be evaded by neglect, improper contract, or other unjustifiable means. After parents have been judicially divorced, reasonable and necessary allowances for the support of minor children in the custody of the mother, if not formerly adjudicated, may be made in an independent suit by her against the father. Resident minor children are wards of the state in whom the government is interested. Education of children is compulsory as a public function. General jurisdiction to protect minors domiciled in the state and to enforce paternal obligations to offspring has been committed by law to the district courts.

Does the Iowa judgment, confined as it is to the divorce and the order relating to the custody of the minor children, suspend the power of the Nebraska

court to protect them in an independent suit, parents and children now being residents of this state? The Nebraska court did not attempt to change the divorce or the custody of the children—the only questions adjudicated in the Iowa divorce court. The father argues, however, that the Iowa court first acquired, and afterward retained, jurisdiction to enforce his paternal duty to his minor children, and that their mother is limited to supplemental proceedings in that forum. If this proposition is sound, the state of Nebraska as *parens patriæ*, represented by the judicial department of government, must withhold from its resident wards needed relief. In that event the mother must leave her home and residence in Nebraska, go into a court in Iowa to procure for the first time an order on a nonresident of Iowa to pay to another nonresident of Iowa money for the support of minors domiciled in Nebraska. If the father's position is tenable, the mother must open up Iowa litigation that has been slumbering in executed judgment for many years, make new pleas, pray for new relief, and adduce new proofs. If she should prevail, the Iowa court would be without power to enforce its new judgment in Nebraska, and in the end she would be required to resort again to the district court for Wayne county, Nebraska. The full faith and credit provision of the federal Constitution does not require her to pursue such a course. The Nebraska court is only required to give to the Iowa judgment the effect to which it is entitled in Iowa. *Haddock v. Haddock*, 201 U. S. 562; *Harding v. Harding*, 198 U. S. 317. In Iowa the decree of divorce is not effective for the purpose of enforcing the continuing duty of the father to support his minor children and the extraterritorial effect is no greater. Mere procedure resulting in a judgment or in the modification thereof is not protected by the full faith and credit clause. That part of the supreme law is directed to the judgment. The power of the Iowa divorce court to make provision for the support of the minor children

while they were residents of Iowa was not invoked or exercised. The new conditions which justified the relief granted to the mother by the Nebraska court were not in existence when the Iowa divorce was granted and could not then have been pleaded or proved. They arose in Nebraska after parents and children became residents of Nebraska. Some courts have gone far enough to hold:

"A judgment of a court of one state awarding the custody of minor .children in a divorce proceeding is not *res judicata* in a proceeding before a court of another state, except as to facts and conditions before the court upon the rendition of the foreign decree. As to facts and conditions arising subsequently thereto, is has no controlling force, and the courts of other states are not bound thereby." 15 R. C. L. p. 940, sec. 417. *Alderman v. Alderman,* 157 N. Car. 507, 39 L. R, A. n. s. 988.

The district court for Wayne county, Nebraska, however, did not disturb the custody of the children, the divorce of the parents, or the stipulated alimony, but, on changed conditions, enforced only the unadjudicated, continuing duty of the father to support his own children after they and their parents had become residents of Nebraska. This was not a violation of the full faith and credit provision of the federal Constitution.

AFFIRMED.

LETTON, SEDGWICK and HAMER, JJ., not sitting.