PEARL STAMP, Appellant, v. FRED STAMP, Appellee.

**HUSBAND AND WIFE: Duty to Support Minor.** A wife who has been granted a divorce without alimony may not recover of her former husband sums of money expended by her for the subsequent support of their minor child.

*Appeal from Pottawattamie District Court.*—EARL PETERS, Judge.

DECEMBER 11, 1923.

ACTION by plaintiff to recover from her divorced husband an amount expended by the plaintiff for the support of the minor child of said parties. A demurrer to plaintiff's petition was sustained, and, the plaintiff electing to stand upon said petition, judgment was entered dismissing the petition, with costs to the defendant. The plaintiff appeals.—*Affirmed.*

*F. A. Turner,* for appellant.

*Cullison & Wyland,* for appellee.

FAVILLE, J.—The petition, to which a demurrer was sustained, alleges that appellant and appellee were married on the 11th day of September, 1911, and lived together as husband and wife until the 21st day of September, 1911. A daughter was born to the appellant and appellee. On or about the 2d day of October, 1916, appellant obtained a divorce from the appellee, and by the decree of divorce was awarded the custody of said child. Appellant has ever since retained the custody of said child, and alleges in her petition that she has expended between five and six hundred dollars in cash for the support of said child. It is to recover the amount so expended that this action is brought.

The demurrer challenges the sufficiency of the facts pleaded to entitle appellant to the relief demanded.

The case is controlled by our former holdings in *Johnson v. Barnes*, 69 Iowa 641, and *Cushman v. Hassler*, 82 Iowa 295. See, also, *Davis Dry Goods Co. v. Retherford*, 195 Iowa 635.

The decree of divorce was silent in regard to any alimony or any award for the care of said child. Under our statute, and previous holdings, in such a situation, and without any evidence of agreement, express or implied, to the contrary, the husband and wife are each equally liable for the care, maintenance, and support of a minor child; and neither one can, under such circumstances, recover the expenses of such care, maintenance, and support from the other spouse.

The court did not err in sustaining the demurrer to appellant's petition. The judgment appealed from must, therefore, be, and it is,—*Affirmed*.

PRESTON, C. J., EVANS and ARTHUR, JJ., concur.