H. J. SPARKS, Appellant, v. EDWIN EAST, Appellee.

EXEMPTIONS: Personal Earnings—Divorce—Effect. A man loses his family headship, and consequently his right of exemption of personal earnings, by the rendition of a divorce decree against him

which gives the wife absolute custody of all the minor children, permanent alimony, and continuing alimony through future payments. (See Book of Anno., Vol. 1, Sec. 11760, Anno. 9 *et seq.*)

Headnote 1:  25 C. J. p. 28.

Headnote 1:  11 R. C. L. 504.

*Appeal from Polk District Court.*—JOHN FLETCHER, Judge.

NOVEMBER 23, 1926.

Proceeding in garnishment. The opinion states the facts. The garnishee was discharged on motion of the defendant, and plaintiff appeals.—*Reversed.*

*Franklin Brown* and *E. Everette Brown,* for appellant.

No appearance for appellee.

VERMILION, J.—There is no dispute as to the facts. The appellant, holding an unsatisfied judgment against the appellee, caused execution to be issued thereon, and levied by the garnishment of appellee's employer, an interurban railway company. The garnishee answered that it was indebted to the appellee. Thereupon, the appellee appeared, and moved to discharge the garnishment, on the ground that he was the resident head of a family, and that the debt due him from the garnishee was wages for his personal services during the preceding two weeks prior to the garnishment, and was, therefore, exempt from execution.

The notice of garnishment was served about August 1, 1925. By decree entered on June 16, 1925, the appellee's wife was granted an absolute divorce from him. She was awarded the custody of their two minor children; certain real estate was decreed to be hers absolutely; and she was given the household goods. The defendant therein, the appellee here, was ordered to pay to the plaintiff in that action the sum of $80 per month as alimony until the further order of the court.

The question presented is whether a debtor whose wife has secured an absolute divorce from him, with the custody of their minor children and an award of permanent alimony in the nature of future payments to be made by him, is entitled to hold as

exempt from execution the earnings for his personal services within 90 days prior to the levy, as the head of a family, under Section 11763, Code of 1924.

It is to be observed that no right of the divorced wife's under her judgment for alimony is involved. She is not a party to the proceeding. That there would be no exemption as against her judgment for alimony is provided by statute. Sections 11764 and 11765, Code of 1924. These provisions of the statute first appeared in the Acts of the Thirty-eighth General Assembly, and were, it would seem, enacted to meet the situation created by the holding in *Schooley v. Schooley*, 184 Iowa 835, that, where a divorced husband had remarried, and was the head of a family, his personal earnings were exempt from execution on a judgment for alimony in favor of his former wife. These sections throw no light on the present question. Section 11763 is as follows:

"The earnings of a debtor, who is a resident of the state and the head of a family, for his personal services, or those of his family, at any time within ninety days next preceding the levy, are exempt from liability for debt."

The exemption provided for by this section is to the resident head of a family. There is no dispute that the appellee was at all times a resident of the state. Was he, after the divorce, the head of a family? After the divorce, neither his wife nor his children resided with the appellee.

In *Armstrong-McClenahan Co. v. Rhoads*, 180 Iowa 710, where, upon procuring a divorce, the wife was awarded the custody and control of the minor children and permanent alimony in a lump sum, and, at the time of the decree, the husband turned over certain property to the wife's parents, in consideration of their agreement to keep and care for the children, and also, after the divorce, contributed to the support of his children, but the children did not live with the father, we held that he was not the head of a family.

We are not favored with an argument on behalf of appellee, and are not advised how, if at all, he would distinguish the present case from that. The only distinction apparent is that there the alimony awarded the wife was in a lump sum, and the husband made a permanent arrangement for the support of his children, and furnished such additional support as he thought

they needed, while here the alimony awarded was a monthly sum, payable in the future.

We have repeatedly held that the father, notwithstanding a divorce and the award of the custody of minor children to the mother, is still liable for the support of his children. *State v. Manley*, 197 Iowa 46, and cases cited. But the decision in the *Armstrong-McClenahan Co.* case turned, not upon the father's liability for the support of his children, but upon the proposition that the family of which he had, prior to the divorce, been the head, had ceased to exist, within the meaning of the exemption statute. We there quoted approvingly from *Heaton v. Sawyer*, 60 Vt. 495 (15 Atl. 166), as follows:

"By the decree of divorce procured by the defendant, with the custody of the minor children decreed to her, they thereafter ceased to be a part of the family of Norman D. Sawyer. She without remarriage could never become his widow. The minor children, without a change in the decree, could never become or constitute a part of his family, over whom he could exercise parental control, or to whom he owed the duty of personal care and support."

In the *Armstrong-McClenahan Co.* case, the father had provided, in advance, by the conveyance of property, for the future support of his children, and continued to make additional contributions to their support. He was doubtless, notwithstanding the divorce and the placing of the children in the custody of the mother, under a common-law liability to support them, and this obligation he seems to have recognized and fulfilled. Yet we there said:

"The defendant * * * did not reside with his wife or minor children; was separated from them by a decree of divorce. Under the decree, he was deprived of the right to exercise custody or control over them; * * *"

And, after reciting his conveyance of property in consideration of their support by others, and his additional voluntary contributions to their support, we concluded:

"He was in no sense the head of a family."

If, as we there held, the relationship of the parties and the actual support of the children by the father, through the permanent arrangement made and the additional contributions to that end, did not make him the head of a family, where the children

did not live with him, and their custody had been awarded to the divorced wife, we are unable to see upon what theory it could be said that the obligation created by the decree of divorce, to contribute a stated amount for that purpose, could have a greater effect. We think the case of *Armstrong-McClenahan Co. v. Rhoads,* supra, is controlling, on the facts shown.

It follows that the garnishee was erroneously discharged, and the judgment is—*Reversed.*

DE GRAFF, C. J., and STEVENS and FAVILLE, JJ., concur.