OSMYN ECKLES, Appellee, v. CONNIE PEARL ECKLES, Appellant.

No. 45950.

JUNE 16, 1942.

Russell E. Ostrus, for appellant.

Theodore F. Mantz and S. B. Allen, for appellee.

WENNERSTRUM, J.—Osmyn Eckles, the husband and appellee herein, brought an original action for separate maintenance against Connie Pearl Eckles, his wife and the appellant in this appeal. He alleged that his wife had been guilty of such cruel and inhuman treatment as to endanger his life. The husband, in addition to his prayer for a decree of separate maintenance, asked for the custody and control of the four minor children born to appellee and appellant, "and for costs and for such other and further equitable relief as plaintiff may show himself entitled in the premises." The wife filed a denial of appellee's

charge of cruel and inhuman treatment and asked that appellee's petition be dismissed. She also filed a cross-petition for a divorce, wherein she alleged cruel and inhuman treatment toward her on the part of the appellee, and therein sought the custody of the children and support money for them, and also alimony. The cross-petition of the wife for a divorce was dismissed, but she was granted the custody of the children. However, a decree of separate maintenance was granted the appellee and he was ordered to pay $15 each week for the benefit of the wife and children, and judgment was entered accordingly. The wife has appealed from the denial of her petition for a divorce and from the granting of separate maintenance to the husband.

The claimed errors upon which the appellant seeks a reversal are: (1) The court erred in entertaining jurisdiction of an action brought by the husband for a decree of separate maintenance; (2) the court erred in finding under the testimony that the appellant had been guilty of such inhuman treatment toward appellee as to endanger his life to the extent that such action would warrant a decree in his favor; (3) the court erred in not finding that the appellee was guilty of such cruel and inhuman treatment as to endanger the life of the appellant and which would warrant a decree of divorce to her; (4) the court erred in not holding that there was ample and sufficient corroborative testimony to support a decree of divorce for the appellant and cross-petitioner; and (5) the court erred in not allowing attorney fees for appellant's attorney and entering a judgment therefor.

I. It is contended by the appellant that the trial court erred in assuming jurisdiction of the action of the husband for a decree of separate maintenance. It is asserted that such an action is foreclosed to the husband inasmuch as it is the responsibility of the husband alone to support his wife and their children. We do not agree with counsel for appellant that the equity courts of the state are without jurisdiction. There might be circumstances where the husband might have grounds for a separate-maintenance action. The only question raised on this appeal is the jurisdictional one, and we hold that the equity court has jurisdiction in a proceeding such as has been brought. No further implications or conclusions are intended by this holding.

II. The claim of the wife is that there was not sufficient

evidence presented to justify the court in granting to the husband a decree of separate maintenance. An action for separate maintenance is not a statutory proceeding but is recognized by this court as properly brought in equity. Graves v. Graves, 36 Iowa 310, 14 Am. Rep. 525; Shipley v. Shipley, 187 Iowa 1295, 175 N. W. 51; Davies Dry Goods Co. v. Retherford, 195 Iowa 635, 191 N. W. 794; Kalde v. Kalde, 207 Iowa 121, 222 N. W. 351. In order to justify the granting of a decree for separate maintenance there must be the same degree of proof as would justify the granting of a decree of divorce. Shors v. Shors, 133 Iowa 22, 110 N. W. 16; Bartlett v. Bartlett, 214 Iowa 616, 619, 243 N. W. 588, 589, and cases therein cited.

III. Although it is not our purpose to review in detail the evidence as presented by the record, it is incumbent upon us to give consideration to the facts as disclosed and to pass upon the same in our consideration as to whether or not the court was justified in granting the decree for separate maintenance to the husband and in denying the decree of divorce to the wife.

The appellee and appellant were married in August 1931. Four children have been born to them. The appellee husband has not acquired much in the way of worldly goods. During the early part of their married life they lived in furnished rooms. Since their marriage appellee has been employed very largely as a laborer and in operating a truck. However, during the year 1937 he was employed by a Des Moines contractor and he was so employed at the time of the trial in the district court, and his average weekly wage during the year previous had been from $30 to $34 a week. The wife claims that the relations between her and her husband have not been pleasant at any time during their married life. However, this claim is not borne out by the evidence. The difficulties that may have occurred during the early period of the married life of these parties were undoubtedly occasioned by economic conditions rather than any acts that would justify a decree of divorce or a decree for separate maintenance. However, approximately two years before the bringing of the action for separate maintenance more serious difficulties seem to have arisen in the family. These difficulties, in part, seem to have been occasioned by the fact that appellee and his wife became too friendly and too closely associated with another

man and wife. This other couple had an automobile and appellee and appellant were frequently asked to ride with them. During an extended absence of the wife of "the other man," this individual stayed part of the time with appellee and his wife, taking some of his meals at their home. This situation did not result in the most congenial relationship between the appellee and appellant. The record does disclose that the appellant was seen on several occasions in the company of this man in his car. It is claimed by the husband that his wife at times used intoxicating liquor to excess, but this fact, although corroborated to some extent, is not sufficiently shown to indicate that the appellant has become a habitual drunkard. It is not particularly urged that this fact substantiates the appellee's contention that he has been the victim of cruel and inhuman treatment by the appellant. Much of the testimony presented by appellee and appellant is in the nature of suggestions as to improper conduct. However, when coldly and dispassionately analyzed, it is apparent that there is not much merit to the contention of either party as to the inferences that each would draw from the acts of the other.

The particular occasion that apparently prompted the court action was a quarrel between appellee and appellant. It is the claim of the appellee husband that on this occasion he was struck by a pop bottle in the hands of his wife. This fact was admitted by the appellant, but it is her contention that this action on her part was necessary in order to protect herself. It is her claim that on this occasion the appellee threw her across the kitchen table and hit and kicked her. Testimony was introduced by the appellant to show that she had been injured at this time, and witnesses testified that they observed marks and bruises upon appellant's face and body shortly after this incident occurred. More details of the unhappy married life during the last two years that the parties lived together could be set out, but they would merely elaborate upon the unfortunate conditions under which these parties had to live and would only further set out the claimed difficulties that have arisen by reason of the situation that has developed because of the husband's suspicions of his wife's interest in someone other than him.

We have reviewed the entire record with care and have con-

cluded that there is not sufficient evidence to justify a decree of separate maintenance for the appellee husband. There is not sufficient evidence to show that the appellant's conduct was of such nature as would constitute cruel and inhuman treatment that would endanger the life of the appellee. By this last statement we do not approve or condone the striking of the appellee by appellant with a pop bottle. This is the only instance that is related in the record of any action of a similar character.

We have likewise sought to apply the record as presented to the appellant's cross-petition for a divorce. The action of the trial court in denying a divorce to the appellant was apparently upon the theory that there was not sufficient evidence to justify such a decree. Under certain circumstances the evidence as presented here by the appellant might justify a decree of divorce, but each and every case must stand upon its own particular facts and we are disposed to approve of the denial of the appellant wife's petition for a divorce.

Inasmuch as we have heretofore held that appellee's action for separate maintenance is not sustained by the record, we now hold that the trial court was in error in granting the decree of separate maintenance to the appellee husband. Consequently, it is our conclusion and holding that this action be reversed and remanded for the entering of a dismissal of the action brought by the appellee.—Reversed and remanded.

BLISS, C. J., and HALE, OLIVER, SAGER, STIGER, and GARFIELD, JJ., concur.