The principal question presented is whether, as the trial court decreed, a mother who procured a divorce in a foreign state with an award of custody of her small child, but without an allowance for its support, may require the father, domiciled in Iowa over whom the divorce court acquired no personal jurisdiction, to contribute to the child's support.
Plaintiff obtained the divorce in Seattle, Washington, where she and the child were domiciled. (We refer to the mother as plaintiff although she brings this action "for the use and benefit of" her child.) On June 11, 1946, personal service of the divorce suit was had on defendant, a resident of Iowa, in Nebraska where he was working. Unbeknown to plaintiff defendant then went to Seattle but upon advice of counsel did not appear to the suit and soon thereafter returned either to Nebraska or Iowa. Interlocutory decree was entered August 22, 1946, and final decree February 26, 1947.
The final decree awarded plaintiff custody of the child, born in March 1945, subject to reasonable visitation by defendant. Findings of fact and conclusions of law state $60 a month would be a reasonable sum for defendant to pay plaintiff for support of the child and $160 a reasonable amount to be allowed plaintiff for her attorney fees and costs.
Since July 1946, defendant has voluntarily contributed $15 a month to plaintiff for the child's support. Plaintiff, her mother and the child have continued to live together in Seattle since the divorce. In May 1947, plaintiff's counsel wrote defendant the $15 payments were insufficient to support the child and demanded $60 per month. In July 1947, the present suit in equity was instituted in defendant's home county in Iowa asking that he be required to pay $60 per month for support of the child and $350 for attorney fees in prosecuting this suit. The trial court granted the relief asked.
I. Defendant's principal contention is that neither the child nor the mother has any cause of action for support of the child which can be maintained against defendant in Iowa.
[1] There is no evidence, nor is it argued, plaintiff or the child had not acquired under the law of Washington a bona fide domicile in that state. We are therefore required by Article *Page 258 
IV, section 1, of the federal constitution to give full faith and credit to the decree granting the divorce and awarding custody of the child. Williams v. North Carolina, 317 U.S. 287, 63 S. Ct. 207, 87 L. Ed. 279, 143 A.L.R. 1273, overruling Haddock v. Haddock, 201 U.S. 562, 26 S. Ct. 525, 50 L. Ed. 867, 5 Ann. Cas. 1; Ex parte McMullin, 164 Cal. 504, 129 P. 773; annotation 143 A.L.R. 1294.
Even while the rule of Haddock v. Haddock, supra, was in effect a divorce granted in another state was given full recognition in Iowa, in the absence of fraud in procuring it, as a matter of comity between the states. Miller v. Miller, 200 Iowa 1193, 1201, 206 N.W. 262, and citations; Hobson v. Dempsey Construction Co.,232 Iowa 1226, 1230, 7 N.W.2d 896, 898.
[2] There can be no question that upon birth of the child defendant became morally and legally obligated, aside from any statute, to support it during minority. He was not relieved of this obligation by the decree of divorce with its award of custody to the mother. While the decree severed the marital relation between husband and wife it did not divorce defendant from his obligation to provide for the wants of the child.
Among the numerous authorities in support of the conclusions just stated are Sparks v. East, 202 Iowa 718, 721, 210 N.W. 969; Black v. Black, 200 Iowa 1016, 1019, 205 N.W. 970; State v. Manley, 197 Iowa 46, 50, 51, 196 N.W. 724, and citations; Ostheimer v. Ostheimer, 125 Iowa 523, 101 N.W. 275; annotations 15 A.L.R. 569, 81 A.L.R. 887, 888; 2 Nelson on Divorce and Annulment, Second Ed. (1945), section 14.99; 17 Am. Jur., Divorce and Separation, sections 692, 693; 46 C.J., Parent and Child, section 45.
We have recognized the continuing obligation of a divorced father to provide for the wants of his child notwithstanding the divorce decree does not allow alimony to the wife or support money for the children in her custody. In such cases we have refused to make a subsequent award of alimony to the wife but have made a subsequent allowance for the support of the children. Spain v. Spain, 177 Iowa 249, 261, 158 N.W. 529, L.R.A. 1917D 319, Ann. Cas. 1918E 1225; Duvall v. Duvall, 215 Iowa 24, 30, 244 N.W. 718, 83 A.L.R. 1242. See also *Page 259 
Kell v. Kell, 179 Iowa 647, 650, 161 N.W. 634; Dunham v. Dunham,189 Iowa 802, 826, 178 N.W. 551; McCoy v. McCoy, 191 Iowa 973, 976, 183 N.W. 377.
A father's obligation to support his child is not abrogated by the fact the separation of the parents may have been caused by fault of the wife. Even where a divorce is granted to the father it is usually held he remains liable for support of children whose custody was awarded the mother. The child should not be denied his right to the support of his father because of dissension between the parents for which he was not to blame. Kelly v. Kelly, 329 Mo. 992, 47 S.W.2d 762, 81 A.L.R. 875, 880, and annotation 887, 892; Rowell v. Rowell, 97 Kan. 16, 154 P. 243, Ann. Cas. 1918C 936, and note 939; 17 Am. Jur., Divorce and Separation, section 693; 2 Nelson on Divorce and Annulment, Second Ed. (1945), section 14.99. See also Hensen v. Hensen,212 Iowa 1226, 1230, 238 N.W. 83; Dunham v. Dunham, supra, 189 Iowa 802, 824, 178 N.W. 551; Monroe County v. Abegglen, 129 Iowa 53, 56, 105 N.W. 350.
[3] A father cannot be relieved from the duty to support his minor children by agreement of the mother. Jaffe v. Jaffe, Iowa, 182 N.W. 784; Edleson v. Edleson, 179 Ky. 300, 200 S.W. 625, 2 A.L.R. 689, 698; Myers v. Anderson, 145 Kan. 775, 67 P.2d 542; 2 Nelson on Divorce and Annulment, Second Ed., section 15.58; 39 Am. Jur., Parent and Child, section 42; 46 C.J., Parent and Child, section 35, which also states the right of a child to the father's support cannot be affected by an estoppel against the mother. To relieve a divorced father of all legal obligation to support his minor children is against public policy. Id. section 36, page 1261; 39 Am. Jur., Parent and Child, section 42.
Since defendant was a nonresident of Washington, without property there, and personal service could not be had in that state, his liability to provide for the child could not be adjudicated in the divorce suit nor can it be enforced by any proceeding outside of Iowa. While the Washington court had jurisdiction in rem or, as sometimes said, quasi in rem to grant the divorce and award the mother custody of the child because of their residence there, it had no jurisdiction to enter any personal judgment against defendant for child support and any such *Page 260 
provision would have been void. Rea v. Rea, 123 Iowa 241, 98 N.W. 787, and citations; Kell v. Kell, 179 Iowa 647, 649, 161 N.W. 634; Pennoyer v. Neff, 95 U.S. 714, 734, 735, 24 L. Ed. 565, 573; Spencer v. Spencer, 97 Minn. 56, 105 N.W. 483, 2 L.R.A., N.S., 851, 114 Am. St. Rep. 695, 7 Ann. Cas. 901; 17 Am. Jur., Divorce and Separation, section 518.
[4] Defendant argues this action will not lie because there is no Iowa statute or decision which authorizes it. We are not impressed with the argument. Many actions are entertained in our courts that are not authorized by statute. A familiar example, somewhat analogous to the present suit, is the action for separate maintenance without divorce which has been recognized in this state for over seventy-five years upon general equitable principles and considerations of public policy, to enforce the husband's obligation to support his wife. Graves v. Graves,36 Iowa 310, 14 Am. Rep. 525; Avery v. Avery, 236 Iowa 9, 11,17 N.W.2d 820, 822, and citations. (Under certain circumstances the action of separate maintenance also lies in favor of the husband. Eckles v. Eckles, 231 Iowa 1302, 4 N.W.2d 658; 42 C.J.S., Husband and Wife, section 614b.)
The reasoning of the Graves opinion, frequently quoted in later decisions, which first impelled us to entertain suits for separate maintenance is persuasive here. Incidentally our decision in Graves v. Graves, as noted therein, was a minority view at that time. The great weight of modern authority, however, is that equity has inherent jurisdiction to grant separate maintenance independent of any suit for divorce and irrespective of any statute. 27 Am. Jur., Husband and Wife, section 402; 42 C.J.S., Husband and Wife, section 614b.
That no statute prohibits such an action as this is sufficient answer to the argument there is no specific statutory authorization for it. The legal duty of defendant to support the child is clearly recognized by our decisions and the authorities generally. "Highest considerations of public policy require that parents support their children * * *." Murrey v. Murrey, 216 Cal. 707, 713, 16 P.2d 741, 743, 85 A.L.R. 1335, 1339.
It is firmly established that equity has inherent power to protect the rights of minors. Ex parte Badger, 286 Mo. 139, 226 S.W. 936, 14 A.L.R. 286, 291-293, and citations; Bartlett v. *Page 261 
Bartlett, 175 Or. 215, 152 P.2d 402, and citations; Doughty v. Engler, 112 Kan. 583, 211 P. 619, 30 A.L.R. 1065, 1069; 19 Am. Jur., Equity, section 152.
Unless the right of this child to support from defendant can be enforced in such a suit as this there is no adequate remedy for the enforcement of the right. Courts of equity are slow to hold there is no adequate remedy for the enforcement of a legal right. Probably the most important equitable maxim is that equity will not suffer a wrong (or, as sometimes stated, a right) to be without a remedy. Indeed the whole theory of equity jurisdiction is to afford relief where a right exists for which there is no other adequate remedy. See 19 Am. Jur., Equity, section 451; 30 C.J.S., Equity, section 105.
While perhaps no prior decision of ours authorizes such a suit as this, our present conclusion this action will lie is not in conflict with any of our precedents. And there is ample authority in other jurisdictions in support of our conclusion.
We have held a divorced wife who voluntarily supports a child cannot, in the absence of an express or implied promise to pay therefor, recover from the husband for past support. Johnson v. Barnes, 69 Iowa 641, 29 N.W. 759; Cushman v. Hassler, 82 Iowa 295, 47 N.W. 1036; Stamp v. Stamp, 196 Iowa 1133, 196 N.W. 7. Wills v. Baker, Mo. App., 214 S.W.2d 748, is a recent case of this kind. There the wife abandoned the children and husband who procured the divorce and custody of the children. They later went to the home of the mother who voluntarily supported them. In Johnson v. Barnes, supra, the first of these Iowa precedents, the decision was rendered on the assumption recovery was sought for support furnished the child by the mother while she was still married to defendant.
Bondies v. Bondies, 40 Okla. 164, 136 P. 1089, holds a divorced wife who lived in Texas could not, by reason of a statutory provision, recover from her former husband in Oklahoma for past child support which must be deemed to have been voluntarily furnished but she was entitled to maintain in Oklahoma an independent action for future support of the child. The decision illustrates the distinction between Johnson v. Barnes, supra, and the Iowa cases which follow it, on the one hand, and the present controversy. *Page 262 
Among decisions in addition to Bondies v. Bondies, supra, which support the right to maintain this action are Graham v. Graham,38 Colo. 453, 88 P. 852, 8 L.R.A., N.S., 1270, 12 Ann. Cas. 137; Parker v. Parker, 1948, 335 Ill. App. 293, 81 N.E.2d 745, 748, and citations; Ware v. Ware, 144 Kan. 121, 58 P.2d 49; Spencer v. Spencer, supra, 97 Minn. 56, 105 N.W. 483, 485, 2 L.R.A., N.S., 851, 114 Am. St. Rep. 695, 7 Ann. Cas. 901; Geary v. Geary,102 Neb. 511, 167 N.W. 778, 20 A.L.R. 809; Eldred v. Eldred,62 Neb. 613, 87 N.W. 340 (overruled in Bodie v. Bates, 95 Neb. 757, 146 N.W. 1002, L.R.A. 1915E 421, insofar as it denied the right to maintain an independent action for alimony to the divorced wife who procured a divorce in a foreign state, with an award of custody of children, on notice by publication only. Insofar as the Eldred case allowed recovery for child support under such circumstances it was reaffirmed); Bartlett v. Bartlett, supra,175 Or. 215, 152 P.2d 402; Campbell v. Campbell, 200 S.C. 67,20 S.E.2d 237; Bemus v. Bemus, 63 Tex. Civ. App. 148, 133 S.W. 503; Gibson v. Gibson, 18 Wn. 489, 51 P. 1041, 40 L.R.A. 587.
Our conclusion is perhaps in conflict with two decisions called to our attention. In one, Judson v. Judson, 171 Mich. 185, 137 N.W. 103, laches is held to be one ground for denying relief to the divorced wife. Bad faith of the wife in procuring the divorce in a foreign state seems also to have entered into the decision. The Judson case seems never to have been cited by any court on the proposition for which defendant urges it here. The other contrary decision is Hawkins v. Hawkins, 288 Ill. App. 623, 6 N.E.2d 509, in which there was no opinion. Parker v. Parker, supra, 1948, 335 Ill. App. 293, 81 N.E.2d 745, 748, refuses to follow the Hawkins decision.
In Rawlings v. Rawlings, 121 Miss. 140, 83 So. 146, 7 A.L.R. 1259, also cited by defendant, minor children were denied the right to bring an independent action against their father, during the continuance of the marital relation, to have determined the amount of support to which they are entitled and its payment secured. We do not regard the case as in point. There no divorce or other legal separation of the parents had occurred. The decision seems to be based on the view the parents' duty to support children is merely a moral and not a legal duty as *Page 263 
it is in Iowa and most other jurisdictions. (Porter v. Powell,79 Iowa 151, 44 N.W. 295, 7 L.R.A. 176, 18 Am. St. Rep. 353. See 39 Am. Jur., Parent and Child, section 35; 46 C.J., Parent and Child, section 34.)
In the Rawlings case there is a strong dissenting opinion of which the annotation in 7 A.L.R. 1277, says, "And there seems to be much force in the view * * * that, where a legal right on the part of the child to support by its parents is recognized, the child should not be left without remedy in a court of equity to enforce this obligation." Campbell v. Campbell, supra,200 S.C. 67, 20 S.E.2d 237, refuses to follow Rawlings v. Rawlings but quotes with approval from the dissenting opinion.
[5] II. Plaintiff is a proper party to enforce, in the child's behalf, defendant's obligation to furnish it support. We attach no significance to the fact plaintiff's action is entitled "for the use and benefit of" the child. Actually the suit is for the child's benefit. Plaintiff asks nothing for herself. See Jaffe v. Jaffe, supra, Iowa, 182 N.W. 784. Ordinarily an allowance for support of children should be payable to the mother to whose custody they have been awarded. 2 Nelson on Divorce and Annulment, Second Ed., section 14.90. Plaintiff will be merely the custodian of the funds with the right and duty to use them for the child's support. As bearing on this question see Watts v. Watts, 240 Iowa 384, 36 N.W.2d 347; Peck v. Peck, 207 Iowa 1008, 222 N.W. 534; Parker v. Parker, supra, 335 Ill. App. 293,81 N.E.2d 745, 746.
[6] III. Defendant contends no relief should be awarded because the child was being properly supported. The argument is no action will lie unless the child is "dependent, neglected, or delinquent" within the meaning of Code section 232.5, or a "poor person" within section 252.1 et seq., and the procedure is that designated by statute in such instances, or the action is by a third person to recover "family expenses" under section 597.14. The argument cannot be accepted and is disposed of by what we have already said.
The effect of this argument is that a father is under no enforceable duty to support his child unless the latter is *Page 264 
"dependent, neglected, or delinquent" or a "poor person" or unless a third party seeks recovery under section 597.14. The father's duty of support is not measured by these statutes. It is the right of the child to receive and the obligation of the parent to furnish support to the end resort to any of these statutes need not be had.
The special statutory proceedings to which defendant refers do not purport to be exclusive and should not be so construed. Nor is the relief there provided adequate. Several decisions heretofore cited in support of our conclusion reject arguments similar to defendant's here. See for example Campbell v. Campbell, supra, 200 S.C. 67, 20 S.E.2d 237.
IV. The trial court seems to have fixed $60 a month as the amount to be contributed by defendant either because of the finding in the Washington decree that would be a reasonable sum to be paid plaintiff for child support or because it concluded defendant was primarily liable for such support. Since, as stated, there was no jurisdiction to award support money there was no jurisdiction to make a finding as a basis for such award. McCoy v. McCoy, 191 Iowa 973, 976, 183 N.W. 377.
At common law and in most states the father is primarily liable for the support of his children. Johnson v. Barnes, supra,69 Iowa 641, 29 N.W. 759; Zilley v. Dunwiddie, 98 Wis. 428, 74 N.W. 126, 127, 40 L.R.A. 579, 67 Am. St. Rep. 820; 2 Nelson on Divorce and Annulment, Second Ed., section 15.57; 39 Am. Jur., Parent and Child, sections 35, 38; 46 C.J., Parent and Child, section 35.
[7] However in this state by reason of Code section 597.14
which provides the reasonable and necessary expenses of the family are chargeable upon the property of both husband and wife, the view prevails that even as between the parents they are under the same legal duty to support the children. Boozel v. Boozel,193 Iowa 78, 81, 82, 185 N.W. 85; Stamp v. Stamp, supra, 196 Iowa 1133, 196 N.W. 7, and citations. See also Black v. Black,200 Iowa 1016, 1019, 205 N.W. 970. Under these decisions the same legal obligation to support the child rests upon both plaintiff and defendant.
In determining the amount defendant should contribute for such purpose the proper inquiry is as to the child's need and *Page 265 
the ability of each parent to furnish means for its support. Boozel v. Boozel, supra. There it appeared without dispute it required about $50 a month to support the children and the trial court's order that the divorced husband contribute $40 monthly was reduced by us to $30.
[8] While defendant's argument does not directly challenge the amount of the award below, he does strenuously contend the parties are equally obligated for child support and since review here is de novo we feel it proper to consider the amount of the allowance.
Plaintiff testified it cost about $75 a month to support the child and the expense was increasing. Another witness expressed the opinion it would cost $75 per month to give a child of three proper care. A third witness said about $65 a month would cover the expense but it would increase as the child became older "if conditions were the same."
Neither plaintiff nor defendant has property. Plaintiff is a waitress who earns about $125 a month. Plaintiff's mother is employed occasionally as a cook at $40 a week when she can find work. Of course when plaintiff is at work someone else must look after the child. If the grandmother is unable to do so a neighbor is engaged at $2 a day to care for the child.
At the time of trial defendant was steadily employed as a bookkeeper and at other work at $60 a week. During the preceding calendar year he received $55 per week with a bonus of $1000.
Under the record here we feel the award should be reduced to $40 per month. See Boozel v. Boozel and Black v. Black, both supra. We may observe the trial court's decree provides for the monthly payments during the child's minority "subject to further determination by the court, as may be necessary or justified by alteration of circumstances." Since the quoted provision is not challenged directly or indirectly by defendant and plaintiff has not appealed, we shall not disturb it.
[9] V. As stated, the trial court allowed plaintiff $350 attorney fees for prosecuting this suit. Defendant challenges the allowance. Plaintiff of course tries to sustain it and has asked for a further award for services in connection with the appeal. There can be no doubt the amount allowed is reasonable. It is *Page 266 
apparent much time must have been spent in preparing the case.
Attorney fees are not ordinarily allowable in favor of a successful party unless authorized by statute or agreement. Carpenter v. Lothringer, 224 Iowa 439, 453, 275 N.W. 98, and citations; Hensen v. Hensen, 212 Iowa 1226, 1227, 238 N.W. 83; 20 C.J.S., Costs, section 218; 14 Am. Jur., Costs, section 63. It is not claimed there is any such agreement here. The only statute plaintiff contends authorizes the allowance of attorney fees is section 597.14, Code, 1946, heretofore referred to, regarding liability of husband and wife for necessary expenses of the family.
Section 597.14 does not authorize an allowance of attorney fees as part of the costs or an allowance in the nature of costs. We are not called upon to determine whether by virtue of this statute recovery could be had in a proper case against defendant for services rendered by counsel in this suit. If attorney fees are recoverable from defendant as "family expenses" the cause of action may be litigated in some proper manner other than that now before us. Dallas v. Dallas, 222 Iowa 42, 44, 268 N.W. 516.
We think the right to an allowance of attorney fees herein is foreclosed by Duvall v. Duvall, supra, 215 Iowa 24, 30, 244 N.W. 718, 83 A.L.R. 1242, and citations, and Handsaker v. Handsaker,223 Iowa 462, 470, 272 N.W. 609. In the Duvall case the divorce decree, as here, made no allowance for alimony or child support. The wife applied for modification of the decree in these respects under what is now Code section 598.14. As hereinbefore indicated, we held she was not entitled to alimony but should have child support, also that she was not entitled to attorney fees for services in the requested modification.
The purpose of Mrs. Duvall's application, insofar as it was sustained, was to enforce the same legal duty we hold is enforceable here. On the right to an allowance for attorney fees it is unimportant that the Duvall application was made under section 598.14 in the original suit and not, as here, in an independent action. Except in the matter of procedure the Duvall case and the present controversy are analogous. Duvall v. Duvall is followed in Handsaker v. Handsaker, supra. And much to the *Page 267 
same effect is Hensen v. Hensen, supra, 212 Iowa 1226, 238 N.W. 83.
In Dunham v. Dunham, supra, 189 Iowa 802, 828, 178 N.W. 551, cited by plaintiff, the allowance of attorney fees upon an application to modify the divorce decree was largely based upon the husband's agreement and terms of the original decree. We find nothing inconsistent with our holding here in Black v. Black, supra, 200 Iowa 1016, 205 N.W. 970; Burghardt v. Burghardt,209 Iowa 1171, 229 N.W. 761; Mitchell v. Mitchell, 193 Iowa 153, 185 N.W. 62, or other decisions cited by plaintiff.
Except that the monthly payments are reduced to $40 and the allowance of attorney fees is set aside, the cause is affirmed. Costs in this court to be equally divided. — Modified and affirmed.
MANTZ, C.J., and OLIVER, BLISS, HALE, WENNERSTRUM, SMITH, and HAYS, JJ., concur.