Jadwiga BROWN, Appellant,

v.

Richard BROWN, Appellee.

No. 61238.

Supreme Court of Iowa.

Sept. 20, 1978.

Vern M. Ball, Bloomfield, for appellant.

John L. McKinney, Ames, for appellee.

McCORMICK, Justice.

This appeal involves two questions in an original action in equity for alimony and child support. Plaintiff Jadwiga Brown obtained a divorce from defendant Richard Brown in Illinois in 1969 after securing constructive service upon him. The Illinois decree purported to reserve the issues of alimony and child support. In this action, after obtaining personal service of defend-

ant, plaintiff sought a decree fixing alimony and past and future child support. Adhering to precedent, the trial court ordered defendant to pay future child support but otherwise denied relief. On plaintiff's appeal the questions are whether we should change our common-law rules which precluded the trial court from considering an award of alimony and past child support. We decide the rules should be changed and therefore vacate the decree in part and remand for further proceedings.

The parties were married in Illinois in 1960 and separated in 1964. Plaintiff had a son, Chester, born in 1955, who was adopted by defendant in 1963. They had another son, James, who was born in 1962. Plaintiff had custody of the boys when the parties separated and most of the time thereafter until Chester reached the age of 18. James was cared for by defendant for several months in 1974. He then returned to plaintiff who has provided most of his subsequent care. Although she has no special training, she has generally held full-time employment. She supported herself and her sons without public assistance but with some help from her family.

At the time of the September 1977 trial of this case plaintiff lived in Las Vegas, Nevada. She earned $7800 per year making change in a gambling casino. She owned no property of value other than a 1973 automobile.

Defendant owned a juke box business in Ames but his principal source of income was from a contract sale of a tavern. In the previous five years his income had fluctuated between $7,000 and $16,000 a year. His financial statement showed a net worth of approximately $26,000, comprised principally of his interest in the tavern contract, personal property and several horses.

The trial court denied alimony on the ground alimony may be awarded only in the action terminating the marriage. The court denied past child support on the basis that a divorced wife who voluntarily supports a child cannot recover past support from her former husband in the absence of an express or implied promise by him to pay

it. The court found plaintiff was entitled to future child support for James and ordered defendant to pay $100 per month for that purpose, commencing October 15, 1977.

I. *The refusal to award alimony.* As recognized by the trial court, the rule previously followed in Iowa is that the right to alimony does not survive a sister-state dissolution decree which does not award alimony even when it could not have done so because jurisdiction was based upon constructive service. *Doeksen v. Doeksen*, 202 Iowa 489, 210 N.W. 545 (1926); *McCoy v. McCoy*, 191 Iowa 973, 183 N.W. 377 (1921). This rule stems from the idea that a spouse's right to support is an incident of the marital relationship which expires at the end of the marriage unless provided for in the dissolution decree. Moreover, this court held the right could not be reserved in a decree based on constructive service because a court cannot reserve an issue which it has no jurisdiction to decide.

The rule is not affected by § 598.25, The Code, because that provision relates to modifying judgments for alimony rather than to allowing alimony not ordered in the original decree.

The Iowa rule is contrary to the weight of authority. See, e. g., *Hudson v. Hudson*, 52 Cal.2d 735, 740, 344 P.2d 295, 297 (1959) ("Of the thirty-three jurisdictions that have passed on this question, twenty-three states and the District of Columbia have held that a wife may obtain support or alimony following the entry of an ex parte divorce".); 24 Am.Jur.2d § 652 at 771 ("Although there is some difference of opinion, the general rule is that a divorce obtained by a wife against her nonresident husband upon constructive service * * * does not prevent the wife from subsequently maintaining an action against the husband for alimony upon obtaining personal jurisdiction over him."); Annot., 28 A.L.R.2d 1378.

Jurisdictions which follow the majority rule have rejected the theory that a decree obtained upon constructive service automatically terminates the nonadjudicated right to alimony. The majority rule authorizes claims which require *in personam* jurisdic-

tion to be adjudicated in a proceeding subsequent to the *in rem* proceeding in which the marriage is dissolved.

 Because alimony is a personal obligation, a court which enters a decree terminating a marriage based on *in rem* jurisdiction is without power to decide the alimony issue. See *Bennett v. Tomlinson*, 206 Iowa 1075, 221 N.W. 837 (1928); *Miller v. Miller*, 200 Iowa 1193, 206 N.W. 262 (1925). If the decree purports to do so, it is to that extent void. *Vanderbilt v. Vanderbilt*, 354 U.S. 416, 77 S.Ct. 1360, 1 L.Ed.2d 1456 (1957). Our rule denying a divorced spouse the right to claim alimony in a subsequent *in personam* proceeding thus prevents the issue from being adjudicated at all. No sound reason exists for perpetuating this rule. It is unreasonable and unfair.

We agree with the statement of the court in *Hutton v. Dodge*, 58 Utah 228, 234, 198 P. 165, 167 (1921), that, "It would be a travesty upon justice and a sad commentary on the power of judicial tribunals generally if the courts were powerless to grant relief in a case of this kind where jurisdiction of the defendant is afterwards seasonably obtained and the rights of third parties have not intervened". Therefore we reject our previous rule and adopt the majority rule. We hold that a divorce obtained by either spouse in an *in rem* proceeding does not prevent an action for alimony in a subsequent *in personam* proceeding. Our prior cases which hold to the contrary are overruled.

We do not decide whether alimony is warranted in the present case. Recognizing our prior rule, the trial court refused to receive evidence on the issue. Upon remand, the parties shall be given the opportunity to offer evidence on plaintiff's alimony claim, and the trial court shall determine what award, if any, is justified.

II. *Past child support.* Plaintiff confronts another long-standing rule in attacking the trial court's decree for not making an award for past child support at least from the date her petition was filed. The rule is that "a divorced wife who voluntarily supports a child cannot, in the absence of an express or implied promise to pay therefor, recover from the husband for past support." *Addy v. Addy*, 240 Iowa 255, 261, 36 N.W.2d 352, 356 (1949). See *Johnson v. Barnes*, 69 Iowa 641, 644, 29 N.W. 759, 760 (1886) ("When such duty is performed by one, we do not think a promise can be inferred or implied that the other shall reimburse the one who furnished the support.").

This rule is also contrary to the weight of authority elsewhere. See Annot., 69 A.L. R.2d 203, 205–206, and citations ("Where a divorce decree grants custody of a child to its mother but makes no provision for its support, and the mother or a third person thereafter supports it or supplies it with necessaries, it is quite generally held that the father is liable for the reasonable value of such support or necessaries."). See also 24 Am.Jur.2d *Divorce and Separation* § 868 at 797; 27B C.J.S. Divorce § 321(1) at 633.

Our cases distinguish between the right to reimbursement for past support, which they deny, and the right to an award for future support, which they permit. The rule has not been examined since it was adopted in *Johnson v. Barnes*, 69 Iowa 641, 29 N.W. 759 (1886), although it has been followed in subsequent cases. See *Pappas v. Pappas*, 247 Iowa 638, 75 N.W.2d 264 (1956); *Addy v. Addy*, 240 Iowa 255, 36 N.W.2d 352 (1949); *Freet v. Holdorf*, 205 Iowa 1081, 216 N.W. 619 (1927); *Stamp v. Stamp*, 196 Iowa 1133, 196 N.W. 7 (1923); *Cushman v. Hassler*, 82 Iowa 295, 47 N.W. 1036 (1891).

Three reasons were given by the court in *Johnson* for denying a custodial parent the right to reimbursement for support. First, the common-law rule imposing the support obligation on the father was based on the ground that at common law the personal property of the wife and mother became his upon the marriage. Because a married woman retained the right to own property in Iowa, this reason for the common-law rule did not exist. Second, a statute, § 597.14 in the present Code, made a husband and wife jointly and severally liable for the support of their children. The court

held that when one of them performed this duty a promise of reimbursement by the other could not be implied. Third, the court did not think it possible or appropriate to make the inquiry necessary to determine what the amount of reimbursement should be.

These reasons are not persuasive today. Parents have a mutual duty to support their children. Their ability to meet this duty varies with their economic circumstances. The right of a wife and mother to own property does not excuse a husband and father from meeting his duty to contribute to the children's support. A father often has greater resources or earning capacity than the mother. When he does not have custody, he is usually in a better position to contribute. Further, nothing in the mutuality of the statutory obligation forecloses a right of contribution between the parents when one has performed a duty the other should in justice and equity have helped with. Rather, the fact the obligation is joint and several provides a basis for contribution; one obligor should reimburse the other for any sum paid by the other in excess of his or her proportionate share. *Licht v. Klipp*, 213 Iowa 1071, 240 N.W. 722 (1932). Finally, we think it is possible and appropriate for a court of equity to make the necessary inquiry to determine what, if any, reimbursement should be ordered. See *Alvey v. Hartwig*, 106 Md. 254, 67 A. 132 (1907).

Therefore we reject our prior rule and adopt the majority rule. We hold that an action for contribution for past child support may be maintained, subject to traditional defenses such as the statute of limitations, waiver, laches, and estoppel. Our previous contrary holdings are overruled.

The trial court refused to take evidence bearing on this issue in the present case. Upon remand, defendant may allege any defense he has, additional evidence may be offered and the issue shall be decided.

Because the provision of the decree awarding future child support is unchallenged, that portion of the decree is affirmed. The remainder of the decree is vacated and the case is remanded for further proceedings.

AFFIRMED IN PART; VACATED AND REMANDED IN PART.

All Justices concur except McGIVERIN and LARSON, JJ., who take no part.